IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert B. Six :
26225 Rutherford Rd.
Albany, OH 45710, :

and :

Bobbi G. Six :
26225 Rutherford Rd.
Albany, OH 45710 : Case No.

Plaintiffs, : Judge

vs. :

Robert Beegle :
c/o Meigs County Sheriff's Office
104 East Second Street :
Pomeroy, OH 45769
:
and
:
Adam Smith
c/o Meigs County Sheriff's Office :
104 East Second Street
Pomeroy, OH 45769 :

and :

Rick Smith :
c/o Meigs County Sheriff's Office
104 East Second Street :
Pomeroy, OH 45769
:
and

William Gilkey                                     :
c/o Meigs County Sheriff's Office
104 East Second Street                             :
Pomeroy, OH 45769
                                                   :
and
                                                   :
Scott Trussell
c/o Meigs County Sheriff's Office                  :
104 East Second Street
Pomeroy, OH 45769                                  :

and                                                :

C. Roberts                                         :
c/o Meigs County Sheriff's Office
104 East Second Street                             :
Pomeroy, OH 45769
                                                   :
and
                                                   :
John Staats
c/o Washington County Sheriff's Office             :
309 Fourth Street
Marietta, OH 45750                                 :

and                                                :

Brian Rhodes                                       :
c/o Washington County Sheriff's Office
309 Fourth Street                                  :
Marietta, OH 45750
                                                   :
and
                                                   :
Greg Nohe
c/o Washington County Sheriff's Office             :
309 Fourth Street
Marietta, OH 45750                                 :

and                                                :

Scott Parks                                        :

c/o Washington County Sheriff's Office
309 Fourth Street :
Marietta, OH 45750
:
and
:
Jerry Peters
c/o Columbus Division of Police :
P.O. Box 968
Grove City, OH 43213 :

and :

Keith Woods :
c/o Ohio Department of Natural Resources,
Administration Office :
2045 Morse Rd., Building D-3
Columbus, OH 43229-6693 :

and :

Josh Sheilds :
c/o Ohio Department of Natural Resources,
Administration Office :
2045 Morse Rd., Building D-3
Columbus, OH 43229-6693 :

and :

Scott Fitch :
c/o Ohio Bureau of Criminal Identification and
Investigation :
1560 State Route 56 SW
P.O. Box 365 :
London, OH 43140
:
and
:
Jonathan Jenkins
c/o Ohio Bureau of Criminal Identification and :
Investigation
1560 State Route 56 SW :
P.O. Box 365

London, OH 43140 :

Defendants. :

**COMPLAINT**

**JURISDICTION**

1. This Complaint contains claims of police misconduct pursuant to 42 U.S.C. Sections 1983 et seq., including claims for illegal seizure of the Plaintiffs' personal property, illegal seizure of the person Plaintiff Robert Six by detaining him under unreasonable conditions, illegally withholding Plaintiffs' personal property from them for an extended period of time, malicious prosecution, and conspiracy to violate the Plaintiffs' constitutional rights. The Court has jurisdiction pursuant to 28 U.S.C.§§ 1331 and 1343.

**PARTIES**

2. Plaintiffs Robert Six (hereinafter Mr. Six) and Bobbi Six (hereinafter Mrs. Six) are residents of Ohio and citizens of the United States.

3. Plaintiffs reside within the Southern District of Ohio, Eastern Division.

4. Defendants Robert Beegle, Adam Smith, Rick Smith, William Gilkey, and C. Roberts, were, at all times relevant, law enforcement officers of the Meigs County Sheriff's Office acting under color of state law. They are sued in their individual capacities.

5. Defendants Brian Rhodes, Greg Nohe, and Scott Parks were, at all times relevant, law enforcement officers of the Washington County Sheriff's Office Major

       Crimes Task Force acting under color of state law. They are sued in their individual capacities.

6. Defendant Jerry Peters was, at all times relevant, a law enforcement officer of the Columbus Division of Police acting under color of state law. He is sued in his individual capacity.

7. Defendants Scott Fitch and Jonathan Jenkins were, at all times relevant, law enforcement officers of the Ohio Bureau of Identification and Investigation acting under color of state law. They are sued in their individual capacities.

8. Defendants Keith Woods and Josh Shields were at all times relevant, law enforcement officers of the Ohio Department of Natural Resources acting under color of state law. They are sued in their individual capacities.

9. All Defendants were acting at all times relevant in concert, in conjunction with and in support of each other, and on each other's behalf.

10. The acts complained of occurred in Meigs County, Ohio.

**FACTS**

11. On August 5th, 2009 Plaintiff Robert Six (hereinafter Mr. Six) was at his residence at 26225 Rutherford Rd., Albany, OH 45710 in Meigs County, Ohio.

12. On that day the Defendants came onto the Plaintiffs' property and into his residence.

13. August 5th, 2009 was a hot summer day.

14. Defendants seized the person of Mr. Six and placed him into the back seat area of a police vehicle.

15. The police vehicle that Defendants placed Mr. Six into was not running, there was no air conditioning, no ventilation fan running, and the windows were rolled all the way up.

16. Defendants detained Mr. Six in the police vehicle for several hours on a hot day with the windows rolled up.

17. It was extremely and unreasonably hot inside the police cruiser while the Defendants were detaining Mr. Six there.

18. Mr. Six attempted to get the Defendants' attention to remedy the situation, but Defendants failed to provide adequate relief to Mr. Six from the heat inside the police vehicle.

19. Mr. Six passed out and became unconscious due to the heat and lack of ventilation while the Defendants detained Plaintiff Robert Six in the police vehicle.

20. Defendant suffered injuries and sought medical treatment for the injuries resulting from the unreasonable conditions under which Defendants detained him.

21. Defendants intentionally, wantonly, and maliciously seized and detained Mr. Six's person by holding him in unreasonable conditions during their search.

22. Defendants searched the property and residence of Plaintiff Robert Six while they detained him in the police vehicle.

23. Mr. Six is a gun collector and has a large collection of guns, many of which are old guns and collector's items.

24. Defendants seized a large number of items of personal property belonging to the Plaintiffs including but not limited to ammunition and hundreds of firearms, some

of which belonged to Mr. Six and some to Mrs. Six.

25. Defendants kept two lists purporting to document the firearms and other items of personal property that they seized. See Exhibits A and B hereto (Meigs County Sheriff's Office Property Supplement to Incident Report, and Columbus Division of Police Narcotics Bureau Evidence Inventory, respectively).

26. Defendants seized numerous firearms belonging to the Plaintiffs that Defendants did not document in Exhibits A and B, and which Defendants failed to record in any document.

27. During the search of Plaintiffs' property and residence Defendants found properly tagged deer antlers and properly tagged wild turkey feathers.

28. Defendants photographed the deer antlers and turkey feathers with the tags on them.

29. Defendants then removed the tags from the deer antlers and turkey feathers.

30. Defendants charged Mr. Six with a crime for possessing untagged deer antlers and turkey feathers.

31. Defendants intentionally, wantonly, and maliciously removed the tags from the antlers and turkey feathers so that they could fraudulently and maliciously charge Mr. Six with a crime he did not commit.

32. Defendants filed criminal charges against Mr. Six in Meigs County Municipal Court for illegal possession of untagged deer and turkey parts, and took action in support of the criminal charges.

33. The criminal charges that Defendants filed against Mr. Six for the deer and turkey

parts were dismissed by the Meigs County Municipal Court.

34. Defendants filed the aforementioned charges relating to the deer and turkey parts maliciously and with full knowledge that the complaints were not supported by probable cause.

35. Mrs. Six was never charged with any crimes as a result of the search and seizure that was conducted by the Defendants on August 5, 2009.

36. Defendants never initiated any legal process of any kind to forfeit any of Mrs. Six's personal property that Defendants seized, including but not limited to the firearms that belonged to her.

37. Defendants charged Mr. Six with aggravated possession of marijuana with a forfeiture specification seeking to forfeit "approximately three hundred firearms and ammunition".

38. All of the firearms and ammunition that the Defendants sought to forfeit were items seized during the aforementioned search and seizure on August 5th, 2009.

39. Defendants had no evidence whatsoever to suggest that the firearms and ammunition were in any way used in the commission of, in furtherance of, or to facilitate the alleged offense of aggravated possession of marijuana.

40. After Mr. Six moved to dismiss the aforementioned forfeiture specification the Meigs County Common Pleas Court granted his motion and dismissed the forfeiture specification. The State did not appeal the dismissal of the forfeiture specification.

41. In granting the motion to dismiss the forfeiture specification the Meigs County

Common Pleas Court noted that, "Section 2941.1417 R.C. as mentioned earlier requires the indictment to specify to the extent reasonably known at the time of the filing: 1) the nature an extent of Defendant's interest in the property; 2) a description of the property; and 3) the alleged use or intended use of the property by the Defendant in the commission or facilitation of the aggravated possession of marijuana charge.  We can't tell from the specification how many firearms are involved, much less what they are or even if the are operable.  We don't know whether there are 325 or 275 firearms.  We don't know whether they are handguns, rifles, or shotguns. We don't know what ammunition was seized and requested to be forfeited.  We don't know whether there was ammunition for all firearms or just one and we don't know whether it was capable of being used with any of the firearms.  There was no showing that any of these firearms or the ammunition was used to commit or attempt to commit the offense of aggravated possession of marijuana. There was no showing of the extent to which these items furthered the commission of or attempt to commit the offense of aggravated possession of marijuana. There was no showing that these items were used for the primary purpose of committing or attempting to commit the alleged offense.  The Court finds that the offense could have been committed without the presence of these items.  Based upon the above, the Court finds the Defendant's motion to dismiss the forfeiture specification well taken."  See Exhibit C hereto, Judgment Entry of the Meigs County Common Pleas Court dated March 4, 2011.

42. By April of 2011 the firearms ammunition and other personal property belonging

            to the Plaintiffs had not been returned and Mr. Six filed a motion for return of his property.

43. The Meigs County Common Pleas Court granted Mr. Six's motion to return the property. See Exhibit D hereto, Judgment Entry of the Meigs County Common Pleas Court of April 8, 2011.

44. The Meigs County Common Pleas Court ordered the Defendants to return the firearms that were the subject of the dismissed forfeiture specification and all other personal property that was seized from the Plaintiffs, stating "The Court finds no just reason for the State to continue to retain the Defendant's property. Said property is not the subject of any pending forfeiture action; is not subject to any ongoing investigation, and is not contraband in any manner. Therefore, the State of Ohio, including and all law enforcement agencies who have possession of any of the Defendant's personal property, are hereby ORDERED to immediately return all of the Defendant's personal property, including all firearms and ammunition, immediately to the Defendant. Specifically, the Meigs County Sheriff's Department is ORDERED to turn over to Defendant all personal property belonging to the Defendant, including all firearms and ammunition, to the Defendant, on **Monday, April 11, 2011 at 10:00 a.m.**. Steve Jagers of Ohio Valley Investigations shall oversee the exchange of items at the cost of the Defendant.". See Exhibit D hereto, Judgment Entry of the Meigs County Common Pleas Court of April 8, 2011 (emphasis in the original).

45. The Defendants failed to return all of the Plaintiffs personal property on April 11,

2011.

46. As of the date of filing of this Complaint, the Defendants have still failed to return all of the Plaintiffs' personal property.

47. As ordered by the Meigs County Common Pleas Court Mr. Steve Jagers (hereinafter Mr. Jagers) oversaw the return of the Plaintiffs' property.

48. Mr. Jagers reviewed the inventory lists of seized firearms generated by the Defendants (see Exhibits A and B hereto) and compared that with the firearms that were actually returned to the Plaintiffs.

49. Mr. Jagers determined that the Defendants failed to return to the Plaintiffs thirty (30) of the firearms that Defendants seized and listed as having been seized in their inventory.

50. Mr. Jagers generated two lists of the firearms that were not returned to the Plaintiffs which are attached hereto as Exhibits E an F, one for each of the two inventory documents prepared by the Defendants (Exhibits A and B).

51. Defendants have failed to return the firearms that Mr. Jagers identified as not having been returned in Exhibits E and F.

52. Defendants have also failed to return the firearms that they seized but did not document in Exhibits A or B or anywhere else.

53. The Defendants intentionally, wantonly, and maliciously caused damage to some of the seized firearms and other items of personal property that were returned to the Plaintiffs resulting in a diminution in the value of the firearms and other personal property.

54. Defendants intentionally, wantonly, and maliciously have continued to hold and have failed to return the Plaintiffs' personal property, including but not limited to the firearms, the deer antlers, and the turkey feathers.

55. Defendants have intentionally, wantonly, and maliciously converted the Plaintiffs' personal property, including but not limited to the firearms, to their own use.

56. Defendants intentionally, wantonly and maliciously seized the Plaintiffs' personal property, including but not limited to the firearms, without reason to believe that the items were proceeds of or used in the commission of the marijuana possession charge on which they arrested and prosecuted him.

57. Defendants knew or should have known that the Plaintiffs' personal property (including but not limited to the firearms) was not subject to seizure and not subject to forfeiture, but seized it and sought to forfeit it anyway.

58. Defendants intentionally, wantonly, maliciously, and illegally seized and detained Mr. Six's person in an excessively hot police vehicle for an excessive amount of time on a hot day in the summer though they knew or should have known that such conditions of seizure and detention endangered Mr. Six's health and were unreasonable.

59. Defendants intentionally, wantonly, and maliciously seized firearms and other items of personal property from Plaintiffs without documenting the items, for the purpose of depriving Plaintiffs of their property without due process of law.

60. At all relevant times, Plaintiffs were the owners of all of the items of personal property that Defendants seized, and all of the personal property that Defendants

failed to return.

61. Defendants intentionally, wantonly, maliciously, and illegally have failed to return the Plaintiffs personal property, and have kept and continue to keep the Plaintiffs' personal property for an excessive and unreasonable amount of time.

62. The Defendants actions taken at the Plaintiffs' residence on August 5th, 2009 were coordinated beforehand by the Defendants.

63. The illegal seizure and holding the Plaintiffs' personal property was discussed among the Defendants and a plan was developed by the Defendants prior to the search and seizure.

64. The Defendants conspired to violate Plaintiffs' rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by illegally seizing and converting to their own use Plaintiffs' personal property, by failing to document the seizure of many firearms and other items of personal property so that they could be converted by the Defendants more easily, removing the tags from the deer and turkey parts so that they could maliciously prosecute Mr. Six for crimes he did not commit and keep the deer and turkey parts, by illegally converting the firearms that were listed in their inventory documents as having been seized, and by detaining Mr. Six's person under conditions which they knew or should have know would cause him physical and mental harm.

65. The actions taken by Defendants and described in this Complaint were done as part of a conspiracy in which all of the Defendants participated, to engage in conduct which violated the constitutional rights of the Plaintiffs.  All acts alleged

herein were done in furtherance of the said agreement and conspiracy.

66. Said acts by the Defendants proximately caused Plaintiff Robert Six to suffer physical harm as a result of the illegal seizure and detention of his person, and proximately caused both Plaintiffs to suffer economic harm, property damage, mental and emotional anguish, humiliation, fear, embarrassment and inconvenience.

67. There was no need or legal justification to engage in the actions described above.

68. The said acts by the Defendants were done recklessly, wantonly, in bad faith, and/or maliciously. The said acts were further done under color of state law.

**FIRST CLAIM**

**(Plaintiffs' claims for illegal seizure of personal property)**

69. Plaintiffs incorporate all of the foregoing allegations as if fully rewritten herein. As alleged above, the illegal seizure of Plaintiffs' personal property, including but not limited to the aforementioned firearms, and the subsequent failure of Defendants to return the Plaintiffs' personal property constitute violations of the Plaintiffs' rights guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution; and 42 U.S.C. 1983 et seq.

**SECOND CLAIM**

**(Plaintiffs' Section 1983 claims for illegal seizure of personal property by damaging it)**

70. Plaintiffs incorporate all of the foregoing allegations as if fully rewritten herein. As alleged above, the damage Defendants caused to the Plaintiffs' personal property that was returned to Plaintiffs, including but not limited to the damage to

some of the firearms that were returned to Plaintiffs, constitutes an illegal seizure of the Plaintiffs' property and constitutes violations of the Plaintiffs' rights guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution; and 42 U.S.C. 1983 et seq.

**THIRD CLAIM**

**(Plaintiff Robert Six's Section 1983 claims for illegal seizure of his person)**

71. Plaintiffs incorporate all of the foregoing allegations as if fully rewritten herein. As alleged above, the Defendants' unreasonable seizure and detention of Plaintiff Robert Six in a closed vehicle on a hot day during the lengthy search constitutes violations of the Plaintiffs' rights guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution; and 42 U.S.C. 1983 et seq.

**FOURTH CLAIM**

**(Plaintiff Robert Six's Section 1983 claims for malicious prosecution)**

72. As alleged above Defendants' malicious prosecution of the Plaintiff on charges relating to the deer and antler parts constitutes violations of Mr. Six's rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; and 42 U.S.C. 1983 et seq.

**FIFTH CLAIM**

**(Plaintiffs' Section 1983 claims for civil conspiracy)**

73. Plaintiffs incorporate all of the foregoing allegations as if fully rewritten herein. As alleged above, the conspiracy between all of the Defendants to deprive the

Plaintiffs of their rights under the United States Constitution by illegally seizing and holding their property, and the person of Mr. Six, and maliciously prosecuting Mr. Six, constitutes a violation of the Plaintiffs' rights guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution; and 42 U.S. C. 1983 et seq.

WHEREFORE, each Plaintiff demands judgment against all of the Defendants jointly and severally as follows:

a) An amount exceeding $25,000.00 each in compensatory damages.

b) Punitive damages in excess of $25,000.00 on each count.

c) reasonable attorney fees and costs.

Respectfully submitted,

　/s/ Sky Pettey
Sky Pettey - 0072041
Trial attorney for Plaintiffs

Lavelle and Associates
449 East State Street
Athens, OH 45701
sky@johnplavelle.com
(740) 593-3348 - telephone
(740) 594-3343 - facsimile

**JURY DEMAND**

Plaintiffs request that a jury be impaneled to hear this issues raised in this cause.

　/s/ Sky Pettey
Sky Pettey - 0072041
Trial attorney for Plaintiffs

Lavelle and Associates
449 East State Street

                Athens, OH 45701
                sky@johnplavelle.com
                (740) 593-3348 - telephone
                (740) 594-3343 - facsimile