United States District Court
Southern District of Ohio
Eastern Division

| | | |
|---|---|---|
| **Robert B. Six,** *et al.*, | : | Case No. 2:11-cv-00698 |
| Plaintiffs, | : | District Judge Graham |
| vs. | : | Magistrate Judge Abel |
| **Robert B. Beegles,** *et al.*, | : | Jury Demand Endorsed Hereon |
| Defendants. | : | |

<u>**Answer of Defendants Donald Scott Fitch and Jonathan Jenkins**</u>

Defendants Donald Scott Fitch and Jonathan Jenkins answer Plaintiffs' Complaint as follows.

<u>**First Defense**</u>

1. Introduction and General Denial: Plaintiffs claim that their federally protected rights were violated during the execution of a search warrant at their residence in August 2009. The Plaintiffs' residence was the locus of a criminal investigation about the delivery through the U.S. postal system of over forty pounds of marijuana. Defendants Fitch and Jenkins each deny that they violated Plaintiffs' protected rights; they deny harming either Plaintiff in any way.

2. To the extent the Complaint alleges deprivation of or damage to personal property from the Six residence, Defendants Fitch and Jenkins deny any such property is missing or damaged and deny for

want of knowledge sufficient to form an opinion or belief that the Plaintiffs even owned or possessed such damaged or missing property.

3. Defendants Fitch and Jenkins admit the first sentence of Paragraph 7 of the Complaint. The second sentence of Paragraph 7 of the Complaint presents no factual allegations that need to be admitted or denied. To the extent the statements in that second sentence present allegations that must be addressed, these Defendants deny them.

4. Defendants Fitch and Jenkins admit Paragraphs 10-12 of the Complaint.

5. Defendants Fitch and Jenkins admit Paragraph 22 of the Complaint, but only as to being involved with the searching of Plaintiffs' residence. The phrase "searched the property" is vague as used in this Paragraph and is denied for want of knowledge sufficient to form an opinion or relief. Defendants Fitch and Jenkins admit that they lawfully participated in a search of the Plaintiffs' residence on August 5, 2009, pursuant to a valid order issuing a search warrant from a competent court of proper jurisdiction.

6. Defendants Fitch and Jenkins admit Paragraph 24 of the Complaint, but only to the extent that they lawfully seized personalty within the Plaintiffs' residence pursuant to a lawful search warrant and had such personal property inventoried and processed as evidence. Defendants

Fitch and Jenkins deny taking any personalty from the Plaintiffs' residence or damaging any such personal property.

7. Defendants Fitch and Jenkins admit Paragraph 25 of the Complaint, but only to the extent an inventory was taken at the residence by one or more law enforcement officials on scene.

8. Defendants Fitch and Jenkins deny for want of knowledge sufficient to form an opinion or belief Paragraphs 2-6, 8, 15, 17, 19, 23, 33, 35, 36, and 47-50 of the Complaint.

9. Defendants Fitch and Jenkins neither admit nor deny Paragraphs 1 and 40-44 of the Complaint, as they present no factual allegations that need to be answered.  To the extent such paragraphs contain allegations that are later deemed to need a response, Defendants Fitch and Jenkins deny them for want of knowledge sufficient to form an opinion or belief.

10. Defendants Fitch and Jenkins deny Paragraphs 9, 13, 16, 18, 20, 21, 26-31, 34, 39, 45-6, 51-61, and 63-73 of the Complaint.

11. Defendants Fitch and Jenkins deny Paragraph 14 of the Complaint, but they admit that Mr. Six was lawfully secured in a law enforcement cruiser, but not by either Defendant Fitch or Jenkins.

12. Defendants Fitch and Jenkins deny Paragraph 32 of the Complaint, but they admit that Mr. Six was lawfully charged with criminal possession of over forty pounds of marijuana.

13. Defendants Fitch and Jenkins deny Paragraph 37 of the Complaint, but they admit that Mr. Six was lawfully charged with criminal possession of over forty pounds of marijuana.

14. Defendants Fitch and Jenkins deny Paragraph 38 of the Complaint, as neither of these Defendants sought to forfeit any property belonging to the Plaintiffs.

15. Defendants Fitch and Jenkins deny Paragraph 62 of the Complaint, but they admit that lawful coordination efforts were taken prior to the execution of the search warrant to ensure the safe and lawful entry into and search of the Six residence.

16. Paragraphs 69-73 of the Complaint also reincorporate by reference as if fully rewritten allegations previously set forth in the Complaint. In response to such reincorporated allegations, Defendants Fitch and Jenkins reincorporate their responses as set forth in this Answer.

17. Defendants Fitch and Jenkins deny all claims for relief, all requests for relief and all other allegations in the Complaint not specifically addressed above.

## Second Defense

8. Plaintiffs failed to state a claim for which relief may be granted.

9. Plaintiffs failed to name one or more indispensable parties without whom complete relief is not possible.

10. Supervening, intervening acts or omissions by third parties not under the control of either Defendant Fitch or Jenkins caused Plaintiffs' claimed injuries and damages in whole or in part.

11. Plaintiffs are barred from any equitable relief due to the application of the clean hands doctrine.

12. Plaintiffs' own actions or omissions may have caused some or all of their harm alleged in the Complaint.

13. Defendants are entitled to immunity, to include but not limited to qualified immunity and/or quasi-judicial immunity. Defendants acted at all times in good faith compliance with the law.

14. The statute of limitations and/or the doctrine of latches bar Plaintiffs' claims for relief in whole or in part.

15. Claim and/or issue preclusion bar Plaintiffs' claims in whole or in part.

16. Plaintiffs have waived all or some of their claims.

17. Plaintiffs' claims are barred in whole or in part due to the immunity afforded by the Eleventh Amendment to the U.S. Constitution.

18. Plaintiffs' claims are barred to the extent they seek money damages against state employees for common law claims, as only the Ohio Court of Claims has proper jurisdiction over such claims.

19. Plaintiffs' claims are barred in whole or in part due to the application of one or more abstention doctrines, to include but not limited to the *Younger* abstention doctrine [*Younger v. Harris*, 401 U.S. 37 (1971)].

20. The *Rooker-Feldman* doctrine bars all or some of Plaintiffs' claims. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303(1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

21. Defendants reserve the right to assert additional affirmative defenses as they become apparent during the course of discovery or litigation of this case.

## Conclusion

Wherefore, Defendants ask the Court to dismiss this Complaint, all claims, all requests for relief, with prejudice, and tax all costs to Plaintiffs.

Respectfully submitted,

MIKE DEWINE
Attorney General

/s/ *J. Eric Holloway*
J. ERIC HOLLOWAY (0063857)
*Trial Counsel for Defendants Fitch & Jenkins*
Assistant Attorney General and Chief Legal Counsel for the Ohio Bureau of Criminal Investigation (BCI)
1560 SR 56 SW
London, Ohio 43140
(740) 845-2100; (866) 459-6675 FAX
Eric.Holloway@OhioAttorneyGeneral.gov

s/ *Erin C. Reed*
ERIN C. REED (0084920)
Assistant Attorney General
Ohio Bureau of Criminal Investigation (BCI)
1560 SR 56 SW; P.O. Box 365
London, OH 43140
(740) 845-2204; (740) 845-2020 (fax)
erin.reed@ohioattorneygeneral.gov
Co-Counsel for Defendants Fitch and Jenkins

## Jury Demand

Defendants Fitch and Jenkins seek a trial by jury as to all claims for which a jury trial is available.

/s/ *J. Eric Holloway*
J. ERIC HOLLOWAY

## Certificate of Service

I certify that a copy of the foregoing **Answer of Defendants Fitch and Jenkins** was electronically filed on January 27, 2012. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's ECF system.

/s/ *J. Eric Holloway*
J. ERIC HOLLOWAY
Assistant Attorney General