IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Robert B. Six, et al.,** | Case No.: 2:11-cv-00698 |
| Plaintiffs | Judge Graham |
| v. | Magistrate Judge Abel |
| **Robert Beegle, et al.,** | |
| Defendants. | |

## **OPINION AND ORDER**

This matter is before the court on the motions for judgment on the pleadings filed by several individual defendants pursuant to Fed. R. Civ. P. 12(c).

### I.     Facts

Plaintiffs are Robert Six and Bobbi Six. The plaintiffs are residents of Meigs County, Ohio. Moving defendants are Washington County Sheriff's Office law enforcement officers Joshua Staats, Brian Rhodes, Greg Nohe, and Scott Parks as well as Columbus Ohio Police Officer Christine Roberts ("moving defendants"). Each of the moving defendants is sued in his or her individual capacity. Co-defendants are various law enforcement officers with the Washington County Sheriff's Office, the Columbus Division of Police, the Ohio Bureau of Identification and Investigation, and the Ohio Department of Natural Resources. Each co-defendant is also sued in his individual capacity.

On August 5, 2009 the plaintiff was at his house in Meigs County, Ohio when defendants

came onto his property and into his residence. Defendants were on the premises pursuant to a search warrant issued by the Meigs County Court of Common Pleas. The defendants seized Mr. Six and placed him in a police car. Although it was an extremely hot summer day, defendants did not roll down the windows or turn on the air conditioning and Mr. Six was left for several hours in the vehicle. Due to the heat, Mr. Six became unconscious and received medical treatment.

While Mr. Six was in the police car, the defendants conducted a search of his property. According to plaintiffs, defendants seized a large number of personal property items, including ammunition and hundreds of firearms. Some of the firearms belonged to Mr. Six and some belonged to his wife. Plaintiffs allege that defendants maintained two inventory lists – one for firearms and one for personal property. However, defendants allegedly failed to document numerous firearms that were seized from the property. Plaintiffs also allege that during the search of the property, the defendants observed properly tagged deer antlers and wild turkey feathers. Defendants allegedly removed the tags and then charged Mr. Six with the crime of possessing untagged antlers and feathers. The charges stemming from the untagged antlers and feathers were dismissed by the Meigs County Municipal Court.

After the search, Mr. Six was charged with aggravated possession of marijuana with a forfeiture specification seeking to forfeit "approximately three hundred firearms and ammunition." The common pleas court granted the motion to dismiss the forfeiture specification and ordered the return of the firearms and ammunition to the plaintiffs. The return of the property was overseen by Steve Jagers of Ohio Valley Investigations who determined that defendants failed to return all the seized firearms. Plaintiffs also allege that defendants failed to return firearms that they seized but failed to document.

On August 3, 2011 plaintiffs filed five claims against defendants arising from the search on plaintiffs' property: illegal seizure of plaintiffs' personal property (Claim One), damage of personal property illegal seized (Claim Two), illegal seizure of Mr. Six's person (Claim Three), malicious prosecution in connection with charges brought against Mr. Six related to untagged dear antlers and turkey feathers (Claim Four), and a conspiracy to illegally seize plaintiffs' property and to deprive them of various constitutional rights (Claim Five). All of plaintiffs' claims are brought pursuant to 42 U.S.C. §1983.

## II. Legal Standard

A motion for judgment on the pleadings pursuant to Rule 12(c) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998) ("The standard of review applicable to a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion.")(citation omitted). All well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A motion for judgment on the pleadings is directed solely to the complaint and any exhibits attached to it. Roth Steel Prods. v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion for judgment on the pleadings. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(c) if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. See Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978); Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). However, the court "need not

accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted).

In considering a motion for judgment on the pleadings, the court considers the pleadings, which consist of the complaint, the answer, and any written instruments attached as exhibits. Fed.R.Civ.P. 12(c); Fed.R.Civ.P. 7(a) (defining "pleadings" to include both the complaint and the answer); Housing Authority Risk Retention Group, Inc. v. Chicago Housing Auth., 378 F.3d 596, 600 (7th Cir. 2004). While the allegations in the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[] also may be taken into account." Barany-Snyder v. Weiner, 539 F.3d 327, 332 (6th Cir. 2008)(quoting Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001)).

### III.     Legal Analysis

#### A.     42 U.S.C. § 1983

Plaintiffs have sued the moving defendants under 42 U.S.C. §1983 in their individual capacities. In order to prevail in a section 1983 claim, "the plaintiff must prove that some conduct by a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or other federal laws." Foy v. City of Berea, 58 F.3d 227, 229 (6th Cir. 1995). To establish liability under 42 U.S.C. § 1983 against an individual defendant, a plaintiff "must plead and prove that the defendant was personally involved in the conduct that forms the basis of his complaint." Tarpley v. Jefferson County Comm'rs, No. 2:09-cv-199, 2010 U.S. Dist. LEXIS 31143 (S.D. Ohio Mar. 30, 2010)(citing Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999)). An individual cannot be liable under

section 1983 unless he or she "personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct." <u>Tarpley</u>, 2010 U.S. Dist. LEXIS 31143 (citing <u>Leach v. Shelby Co. Sheriff</u>; 891 F.2d 1241, 1246 (6th Cir. 1989)); <u>see also</u>, <u>Salehpour v. Univ. of Tenn</u>., 159 F.3d 199, 206 (6th Cir. 1998) (it is well-settled that to state a cognizable Section 1983 claim, the plaintiff must allege some personal involvement by each of the named defendants): <u>Copeland v. Machulis</u>, 57 F.3d 476, 481 (6th Cir. 1995) (personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation)

Plaintiffs have failed to identify a single action specifically taken by any one of the moving defendants. Plaintiff's entire complaint alleges that "defendants" committed each act. There is no allegation that Staats, Nohe, Rhodes, Parks, or Roberts were actually present at the plaintiffs' property on August 5, 2009. There is no allegation that any of these moving defendants personally placed Mr. Six in the back of the police vehicle, or failed to provide air conditioning, or to monitor Mr. Six's health while in the police vehicle. There is no allegation that Staats, Nohe, Rhodes, Parks or Roberts were personally involved in the seizure of plaintiffs' personal property, guns, or ammunition. There is no allegation that Staats, Nohe, Rhodes, Parks or Roberts personally made the inventory list, or property supplement, or that any of these individuals personally failed to record all the weapons seized from the house. There is no allegation that Staats, Nohe, Rhodes, Parks or Roberts were personally involved in photographing the deer antlers and turkey feathers, or that any of these individuals were personally involved in removing the tags from the antlers and feathers. There is no allegation

5

that Staats, Nohe, Rhodes, Parks or Roberts were personally involved in bringing the criminal charges against Mr. Six. Finally, there is no allegation that Staats, Nohe, Rhodes, Parks or Roberts were personally involved in conspiring against plaintiffs.

Nonetheless, plaintiffs argue that the term "defendants" obviously includes the moving defendants and therefore the pleading placed each defendant on notice of the conduct in which the defendant is alleged to have engaged. Plaintiffs' argument is not persuasive. In order to state a claim for individual liability under section 1983, the complaint must "affirmatively plead the personal involvement of a defendant in the allegedly unconstitutional action." Gregg v. Ohio Dept. of Youth Services, 661 F.Supp.2d 842, 858 (S.D.Ohio 2009). Plaintiff fails to state a claim where it has failed to how that the particular defendant was "directly involved or caused the events at issue." Irvin v. Clarksville Gas & Water Dep't, No. 3:11-cv-00529, 2011 U.S. Dist. LEXIS 90366 (M.D. Tenn., Aug. 11, 2011)(citing Petty v. County of Franklin, 478 F.3d 341, 349 (6th Cir. 2007)). Thus "merely listing the names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." Id. (citing Gilmore v. Corrections Corporation of America, 92 Fed. App'x 188 (6th Cir. 2004)).

Accordingly, because the plaintiffs failed to specifically allege how each of the moving defendants was personally involved in the alleged constitutional violations[1], judgment on the pleadings is proper.

IV. **Conclusion**

For the foregoing reasons, the motions for judgment on the pleadings filed by defendant

---

[1] The plaintiffs have not moved the court for leave to amend their complaint.

Greg Nohe (doc. 24), Joshua Staats (doc. 26), Jerry Peters (doc. 28), Scott Parks (doc. 30) and Christine Roberts (doc. 50) are GRANTED.  If plaintiffs wish to seek leave to file an amended complaint, they shall do so within 20 days from the date hereof, otherwise the court will direct the clerk to enter final judgment for the moving defendants.

       IT IS SO ORDERED.

                                                  s/ James L. Graham
                                                  James L. Graham
                                                  UNITED STATES DISTRICT JUDGE

Date: May 4, 2012