United States District Court
Southern District of Ohio
Eastern Division

| | | |
|---|---|---|
| **Robert B. Six,** *et al.*, | : | Case No. 2:11-cv-00698 |
| Plaintiffs, | : | District Judge Graham |
| vs. | : | Magistrate Judge Abel |
| **Robert B. Beegle,** *et al.*, | : | |
| Defendants. | : | |

## Motion for Judgment on the Pleadings by Defendants Donald Scott Fitch and Jonathan Jenkins

Defendants Fitch and Jenkins move for judgment on the pleadings. Fed. R. Civ. P. 12. The attached Memorandum supports this Motion.

        Respectfully submitted,

        MIKE DEWINE
        Attorney General of Ohio

        */s/ J. Eric Holloway*
        J. ERIC HOLLOWAY (0063857)
        *Trial Counsel for Defendants Fitch & Jenkins*
        Assistant Attorney General and Chief Legal Counsel, Ohio
        Bureau of Criminal Investigation
        1560 SR 56 SW, London, Ohio 43140
        (740) 845-2100; (866) 459-6675 FAX
        Eric.Holloway@OhioAttorneyGeneral.gov

## Memorandum in Support

### I. Introduction

Law enforcement personnel intercepted approximately forty pounds of marijuana being delivered by U.S. mail to the private residence of Plaintiffs Robert Six and his wife. Several law enforcements agents from several agencies coordinated a controlled delivery of that marijuana. Defendants Donald Scott Fitch and Jonathan Jenkins, Special Agents with the Ohio Bureau of Criminal Investigation (BCI), were two of the agents involved.

Supported by a valid state court search warrant, the agents arrived at the Plaintiffs' residence. After receipt of the packages with the marijuana was confirmed, law enforcement personnel entered the residence, secured it, took Mr. Six into custody, and then processed the scene for evidence. As part of that processing, the marijuana was found, along with $2,500 in cash, scales, knives, ammunition, and scores of firearms littered throughout the residence. (Doc. 1-2, CPD Inventory p. 4, PageID# 39 (Cash); Doc. 1-2, CPD Inventory p. 2, PageID#37 (Scales); Doc. 1-1, Meigs County Inventory, p. 7, PageId# 24 (Ammo); Doc. 1-1, Meigs County Inventory, *passim* (Firearms).)

Following his criminal case, Mr. Six and his wife filed this action, asserting violations of their federally protected rights. Bringing this action under 42 U.S.C. § 1983, Plaintiffs seek compensatory and punitive damages only. Defendants Fitch and Jenkins ask the Court to dismiss the claims against them, as explained below.

### II. Legal Standard Pursuant to *Iqbal* and *Twombly*

In their Complaint, Plaintiff must, "'plausibly suggest an entitlement to relief.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1951 (2009). Plaintiffs also must allege more than a "'unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Ctr. for Bio-Ethical Reform,*

*Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011), quoting *Iqbal*, 129 S.Ct. at 1949. The Sixth Circuit has held that a complaint fails under *Iqbal* if it, "tenders naked assertions devoid of further factual enhancement. [*Iqbal*, 129 S. Ct. at 1949] (internal quotation marks, citations, and alterations omitted)." *Ctr. for Bio-Ethical Reform, Inc.*, 648 F.3d at 369.

Relying on *Iqbal*, the Sixth Circuit has ruled that a claim is plausible, "if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' [*Iqbal*, 129 S.Ct. at 1949] (quoting *Twombly*, 550 U.S. at 556)." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). Conclusions do not support a complaint for purposes of a Civil Rule 12(c) motion. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011).[1]

This Court also has determined that, in this case, Plaintiffs must do more than merely allege that all defendants violated their federally protected rights. (Doc. 55, Order, p. 4-6, PageID# 741-3 [cites omitted].) That pleading failure applies to these Defendants as well, justifying the request to dismiss the claims against them, too.

### III.     Argument

**A.     Plaintiffs failed to present factual allegations that plausibly suggest they are entitled to any relief, and all claims for relief therefore must fail.**

Plaintiffs contend that (i) property was impermissibly seized; (ii) property was damaged; (iii) Mr. Six was improperly confined in a police vehicle, as it was too hot in the vehicle during the search; (iii) Mr. Six was subjected to malicious prosecution; and (iv) the Defendants engaged in a civil conspiracy. (Doc. 1, Complaint, pp. 14-6.)

---

[1] In addition to the allegations in the complaint, the Court may also consider on a Rule 12(b)(6) motion to dismiss materials which are integral to the complaint, public records, or materials which are otherwise appropriate for the taking of judicial notice. *Wyser-Pratte Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005) (citing *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360-61 (6th Cir. 2001); *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003)).

3

None of these claims involve specific allegations of misconduct by either Defendant Fitch or Jenkins. (Doc. 1, Complaint, *passim*.) In fact, the Complaint is devoid of any description of any specific action conducted by either of these two Defendants. Instead, the Complaint repeatedly states only that the "Defendants" engaged in whatever action or inaction which they say violated their federally protected rights. (*Id.* at ¶¶ 14, 16, 17, 18, 20, 22, 24-30, 32-4, 37, 45, 46, 51, and 62-4.)

In this case, this Court has ruled that such unadorned allegations, generically attributed to an entire group of defendants fails to state a claim for relief. (Doc. 55, Order, p. 4-6, PageID# 741-3 [cites omitted].) As explained by this Court, generic claims that all Defendants violated federally protected rights do not present a cognizable claim. *Id.*

This is not the first time this Court has ruled in such a fashion. The Southern District of Ohio previously has held that general allegations against "all defendants," without specifying which Defendant caused which harm, bars a complaint from relief. In *James v. Tunnell*, *infra*, a plaintiff complained about the manner in which a search warrant was executed in his home. Like Plaintiffs here, that plaintiff failed to provide specific acts of misconduct attributable to each law enforcement defendant. As explained by this Court:

> However, when James refers to these specific actions in his Complaint, he generally references the possible actors by alleging that "while in James' home, **the officers" collectively engaged in the alleged unconstitutional conduct**. Consequently, James offers speculation and opinion rather than facts to support his specific allegations against Tunnell. James names Tunnel as a defendant; however, he has adduced no facts that demonstrate that Tunnell engaged in specific conduct that amounts to an unreasonable execution of the warrant.

*James v. Tunnell*, Case No. 1:09-cv-839 (2011 U.S. Dist. LEXIS 85911) (S.D. Ohio Aug. 4, 2011) (ruling on summary judgment), citing *Gilmore v. Corr. Corp. of America,* 92 Fed. App'x 188 (6th Cir. 2004)  Despite Plaintiffs contending that they have endured several types of

4

deprivations to their property, (Doc. 1, Complaint, pp. 14-6), they never allege what each Defendant specifically did to violate their rights, (*Id.*, *passim*). They complain only that all of the Defendants engaged in each act of misconduct identified as a claim in the instant Complaint. Plaintiffs cannot show that these defendants (i) engaged in conduct (ii) under color of state law and (iii) that deprived them of a federally protected right. *James*, *supra*, citing *West v. Adkins*, 487 U.S. 42, 48 (1988).

Plaintiffs have not asserted specific factual allegations as to how these two government officials violated their federally protected rights. Under still binding pre-*Iqbal* and *Twombly* case law in the Sixth Circuit, this also fails to present a valid set of allegations. The Sixth Circuit has explained:

> [D]amage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and **what each defendant did** to violate the asserted right. *See, e.g., Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). **This court has adopted the requirement that a plaintiff allege "with particularity" all material facts to be relied upon when asserting that a governmental official has violated a constitutional right.** *Elliott v. Perez*, 751 F.2d 1472, 1483 (6th Cir. 1985); *see also Dominque v. Telb*, 831 F.2d 673, 676 (6th Cir. 1987).

*Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis added). Plaintiffs allege misconduct with no particularity by any Defendant, supporting dismissal. *Id.*

**B.  Even accepting the Complaint as well-pled, the Court still should dismiss all Fourth Amendment claims against these Defendants. The state court-issued search warrant permitted the seizure of all the disputed evidence.**

Even if the Court were to accept the instant Complaint as well pled against these Defendants, Plaintiffs' Fourth Amendment claims still must fail. Evidence may not be seized by the government absent a search warrant issued upon probable cause. *See Katz v. United States*, 389 U.S. 347, 351-352 (1967) (Fourth Amendment protects people from

5

warrantless intrusions upon a person's reasonable expectation of privacy). Plaintiffs contend firearms should not have been seized, but, the state court-issued search warrant permitted it.

No express term in the state court search warrant permits the seizure of specific firearms. (Doc. 41-1, Attachments to Corrected Answer of Greg Nohe, p. 4 [PAGEID #: 473].) However, the warrant permits the seizure of, "**various too[l]s**, **devices**, objects or things used in the cultivation, preparation/ processing **or sale of Marijuana** and/or the processing of the same…." (Doc. 41-1, Attachments to Corrected Answer of Greg Nohe, p. 4 [PAGEID #: 473] at second paragraph [emphasis added].) It also permitted the seizure of, "evidence of possession, distribution and cultivation of marijuana and drugs in violation of 2925 of the Ohio Revised Code, **along with any related evidence**." (*Id.*)

Guns and drugs can go hand in hand. Firearms can be used for protection in the illegal drug trade or to finance the purchase of illegal drugs. Along with the marijuana, firearms and ammunition, Plaintiffs' residence had $2,500 in cash. (Doc. 1-2, Complaint Exhibits, p. 4, PageID#39, Evidence Inventory List, Item 87).)

A reasonable connection could be made between the marijuana, the cash and the firearms. A reasonable, objective law enforcement officer at this search could conclude that the firearms reflected either "seeds" of a criminal enterprise or its "fruits." Either the Plaintiffs used the firearms to purchase their marijuana, used their illegal proceeds to cultivate Mr. Six's firearm collection, (Doc. 1, Complaint, ¶ 23), used the firearms to protect their illegal marijuana, or a combination of the foregoing. Reasonably, the firearms could be viewed on the scene by the law enforcement officers as tools related to the criminal activity

connected with the forty pounds of marijuana delivered to Plaintiffs' residence. The search warrant authorized the seizure of the firearms, and this claim fails.[2]

**C. Plaintiffs' malicious prosecution and civil conspiracy claims fail independent of the pleading deficiency established above.**

### 1. Plaintiffs' malicious prosecution claim fails.

Plaintiff Robert Six contends that "all Defendants" maliciously prosecuted him. It is not entirely clear whether this claim is brought under federal law only. For purposes of this analysis, both sources are evaluated. *See Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007).

As held by the Sixth Circuit, a malicious prosecution claim in Ohio involves four elements: "(1) malicious institution of prior proceedings against the plaintiff by defendant, (2) lack of probable cause for the filing of the prior lawsuit, (3) termination of the prior proceedings in plaintiff's favor, and (4) seizure of plaintiff's person or property during the course of the prior proceedings;" and a federal malicious prosecution claim requires lack of probable cause or proof that a defendant made, influenced or participated in the decision to prosecute. *Taylor v. Streicher*, Case No. 10-3894 (2012 U.S. App. LEXIS 3506, p.*15-16) (6th Cir., Feb. 21, 2012) (citations omitted).

First, the Complaint presents no allegation regarding malice in instituting the criminal action against Mr. Six. (Doc. 1, Complaint, *passim*.) Second, probable cause existed to initiate all charges against Plaintiff Six. The Complaint shows the inventories taken by law enforcement. (Doc. 1 Complaint, *supra*.) The fact that Plaintiffs might disagree with such

---

[2] A subsequent event in the underlying criminal case supports the propriety of the seizure of firearms. After the search, a grand jury indictment was issued with a firearm specification. (Doc. 41-1, Attachment to Corrected Answer of Greg Nohe, p. 7 [PAGEID #: 476].) Thus, probable cause existed when the drugs were seized to conclude that the firearms also were related to criminal activity. *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2003) (cite omitted). Plaintiffs fail to allege any plausible entitlement to any relief against these Defendants on this claim. *Ctr. for Bio-Ethical Reform, Inc.*, 648 F.3d at 369, citing *Iqbal*, 556 U.S. 662, 129 S. Ct. at 1951.

evidence does not negate such probable cause. Third, the Complaint contains no allegation that these specific Defendants participated in any part of the process to charge or prosecute the Defendants for any offense. (Doc. 1, Complaint, *passim*.) These points negate this claim.

To the extent this raises a state law claim, it must fail. State law claims against an individual state employee are not properly before any district court unless first the Ohio Court of Claims has determined whether the employee is entitled to immunity. *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. Ohio 1989) citing Ohio Rev. Code Ann. § 2743.02(F) (Anderson Supp. 1988) (Ohio Court of Claims has original jurisdiction to assess if immunity under Rev. Code § 9.86 is applicable) (citation omitted). Again, this claim must fail.

### 2. Plaintiffs' civil conspiracy claim fails.

Plaintiffs also assert entitlement to recovery under a federal civil conspiracy claim. A § 1983 conspiracy involves an agreement between two or more people to harm another through unlawful action; that the conspirators shared a common objective; and that an overt act was taken to carry out the agreement. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). More recently, the Sixth Circuit clearly has required that such claims, "be pled with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim. *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003)(citing *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987))." *Hamilton v. City of Romulus*, 409 Fed. Appx. 826, 835-836 (6th Cir. Mich. 2010).

Here, the conspiracy claim must fail for the same reason Plaintiffs' claims discussed above must fail. Plaintiffs have asserted only vague, conclusory allegations that Defendants conspired to deprive them of their federally protected rights. Plaintiffs only claim that:

> The Defendants conspired to violate Plaintiffs' rights….
>
> The actions taken by Defendants and described in this Complaint were done as part of a conspiracy in which all of the Defendants participated, to engage in

8

conduct which violated the constitutional rights of the Plaintiffs. All acts alleged herein were done in furtherance of the said agreement and conspiracy.

(Doc. 1, Complaint, ¶¶ 64-5.) These allegations do not reflect any specific actions that connect these Defendants with any type of conspiratorial conduct. These "vague and conclusory" allegations must be dismissed as to Defendants Fitch and Jenkins.

### IV. Conclusion

Plaintiffs failed to plead with particularity how Defendants Fitch and Jenkins each violated their federally protected rights. All of their claims fail for this reason. Also, the Fourth Amendment claims fail because probable cause supported the seizure of all evidence taken from the Six residence. Plaintiffs also failed to present allegations to sustain each element of their malicious prosecution and civil conspiracy claims, negating these claims as well. Plaintiffs' pleading deficiencies support the requested dismissal.

Respectfully submitted,

MIKE DEWINE
Attorney General of Ohio

*/s/ J. Eric Holloway*
J. ERIC HOLLOWAY (0063857)
*Trial Counsel for Defendants Fitch & Jenkins*
Assistant Attorney General and Chief Legal Counsel, Ohio Bureau of Criminal Investigation
1560 SR 56 SW, London, Ohio 43140
(740) 845-2100; (866) 459-6675 FAX
Eric.Holloway@OhioAttorneyGeneral.gov

**Certificate of Service**

I certify that a copy of the foregoing **Motion for Judgment on the Pleadings of Defendants Fitch and Jenkins** was electronically filed on May 6, 2012. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's ECF system.

*/s/ J. Eric Holloway*
J. ERIC HOLLOWAY
Assistant Attorney General