IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Robert B. Six                                        :
26225 Rutherford Rd.
Albany, OH 45710,                                    :

and                                                  :

Bobbi G. Six                                         :
26225 Rutherford Rd.
Albany, OH 45710                                     :    Case No.

Plaintiffs,                                          :    Judge

vs.                                                  :

Robert Beegle                                        :
c/o Meigs County Sheriff's Office
104 East Second Street                               :
Pomeroy, OH 45769
                                                     :
and
                                                     :
Adam Smith
c/o Meigs County Sheriff's Office                    :
104 East Second Street
Pomeroy, OH 45769                                    :

and                                                  :

Rick Smith                                           :
c/o Meigs County Sheriff's Office
104 East Second Street                               :
Pomeroy, OH 45769
                                                     :
and

William Gilkey                                  :
c/o Meigs County Sheriff's Office
104 East Second Street                          :
Pomeroy, OH 45769
                                                :
and
                                                :
Scott Trussell
c/o Meigs County Sheriff's Office               :
104 East Second Street
Pomeroy, OH 45769                               :

and                                             :

Christine Roberts                               :
c/o Columbus Division of Police
P.O. Box 968                                    :
Grove City, OH 43213
                                                :
and
                                                :
John Staats
c/o Washington County Sheriff's Office          :
309 Fourth Street
Marietta, OH 45750                              :

and                                             :

Brian Rhodes                                    :
c/o Washington County Sheriff's Office
309 Fourth Street                               :
Marietta, OH 45750
                                                :
and
                                                :
Greg Nohe
c/o Washington County Sheriff's Office          :
309 Fourth Street
Marietta, OH 45750                              :

and                                             :

Scott Parks                                     :

2

c/o Washington County Sheriff's Office
309 Fourth Street                                    :
Marietta, OH 45750
                                                     :
and
                                                     :

Jerry Peters
c/o Columbus Division of Police                      :
P.O. Box 968
Grove City, OH 43213                                 :

and                                                  :

Keith Woods                                          :
c/o Ohio Department of Natural Resources,
      Administration Office                          :
2045 Morse Rd., Building D-3
Columbus, OH 43229-6693                              :

and                                                  :

Josh Shields                                         :
c/o Ohio Department of Natural Resources,
      Administration Office                          :
2045 Morse Rd., Building D-3
Columbus, OH 43229-6693                              :

and                                                  :

Scott Fitch                                          :
c/o Ohio Bureau of Criminal Identification and
Investigation                                        :
1560 State Route 56 SW
P.O. Box 365                                          :
London, OH 43140
                                                     :
and
                                                     :

Jonathan Jenkins
c/o Ohio Bureau of Criminal Identification and       :
Investigation
1560 State Route 56 SW                                :
P.O. Box 365

3

London, OH 43140                    :

Defendants.                         :

## AMENDED COMPLAINT

### JURISDICTION

1.    This Complaint contains claims of police misconduct pursuant to 42 U.S.C. Sections

      1983 et seq., including claims for illegal seizure of the Plaintiffs' personal property,

      illegal seizure of the person Plaintiff Robert Six by detaining him under unreasonable

      conditions, illegally withholding Plaintiffs' personal property from them for an extended

      period of time, malicious prosecution, and conspiracy to violate the Plaintiffs'

      constitutional rights.   The Court has jurisdiction pursuant to 28 U.S.C.§§ 1331 and 1343.

### PARTIES

2.    Plaintiffs Robert Six (hereinafter Mr. Six) and Bobbi Six (hereinafter Mrs. Six) are

      residents of Ohio and citizens of the United States.

3.    Plaintiffs reside within the Southern District of Ohio, Eastern Division.

4.    Defendants Robert Beegle, Adam Smith, Rick Smith, Scott Trussell, and William Gilkey,

      were, at all times relevant, law enforcement officers of the Meigs County Sheriff's Office

      acting under color of state law.  They are sued in their individual capacities.

5.    Defendants Brian Rhodes, Greg Nohe, John Staats, and Scott Parks were, at all times

      relevant, law enforcement officers of the Washington County Sheriff's Office Major

      Crimes Task Force acting under color of state law.  They are sued in their individual

      capacities.

6. Defendants Jerry Peters and Christine Roberts were, at all times relevant, law enforcement officers of the Columbus Division of Police acting under color of state law. They are sued in their individual capacities.

7. Defendants Scott Fitch and Jonathan Jenkins were, at all times relevant, law enforcement officers of the Ohio Bureau of Identification and Investigation acting under color of state law. They are sued in their individual capacities.

8. Defendants Keith Woods and Josh Shields were at all times relevant, law enforcement officers of the Ohio Department of Natural Resources acting under color of state law. They are sued in their individual capacities.

9. All Defendants were acting at all times relevant in concert, in conjunction with and in support of each other, and on each other's behalf.

10. The acts complained of occurred in Meigs County, Ohio.

## FACTS

11. On August 5th, 2009 Plaintiff Robert Six (hereinafter Mr. Six) was at his residence at 26225 Rutherford Rd., Albany, OH 45710 in Meigs County, Ohio.

12. On that day the Defendants Robert Beegle, Adam Smith, Rick Smith, Scott Trussell, William Gilkey, C. Roberts, Brian Rhodes, Greg Nohe, John Staats, Scott Parks, Jerry Peters, Scott Fitch, Jonathan Jenkins, Keith Woods and Josh Shields came onto the Plaintiffs' property and into his residence.

13. August 5th, 2009 was a hot summer day.

14. Defendant Scott Fitch seized the person of Mr. Six and placed him into the back seat area of a police vehicle and detained him there for several hours on a hot day with the

windows rolled up.

15. In the alternative to the preceding allegation Defendant Scott Fitch assisted other Defendants in seizing the person of Mr. Six and placing him into the back seat of a police vehicle. Defendant's actions assisting in the detention of Mr. Six include but are not limited to providing back up and security support to the Defendant who seized Mr. Six, and failing to ameliorate the conditions in the back of the patrol car during the lengthy search of Mr. Six's residence with full knowledge that the conditions under which Mr. Six was being detained were dangerous and unreasonable and posed a substantial risk of serious physical harm or death to Mr. Six.  Defendant had a duty to come to Mr. Six's aid and breached that duty to Mr. Six.

16. Defendant Scott Fitch intentionally, wantonly, and maliciously seized and detained Mr. Six's person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence, or in the alternative Defendant intentionally, wantonly, and maliciously detained Mr. Six's person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence.

17. The police vehicle that Mr. Six was placed into was not running, there was no air conditioning, no ventilation fan running, and the windows were rolled all the way up.

18. It was extremely and unreasonably hot inside the police cruiser while Mr. Six was held there.

19. Mr. Six passed out and became unconscious due to the heat and lack of ventilation while he was being detained in the police vehicle.

20.     Plaintiff Robert Six suffered injuries and sought medical treatment for the injuries resulting from the unreasonable conditions under which he was detained.

21.     Mr. Six attempted to get the attention of each of the following: Robert Beegle, Adam Smith, Rick Smith, Scott Trussell, William Gilkey, Christine Roberts, Brian Rhodes, Greg Nohe, John Staats, Scott Parks, Jerry Peters, Scott Fitch, Jonathan Jenkins, Keith Woods and Josh Shields to get them to remedy the unreasonable conditions under which he was being detained, but Defendants Robert Beegle, Adam Smith, Rick Smith, Scott Trussell, William Gilkey, Christine Roberts, Brian Rhodes, Greg Nohe, John Staats, Scott Parks, Jerry Peters, Scott Fitch, Jonathan Jenkins, Keith Woods and Josh Shields failed to provide adequate relief to Mr. Six from the heat inside the police vehicle.

22.     Finally, several hours after Mr. Six had been placed in the hot patrol car, and after Defendant had passed out for a time and then regained consciousness, Defendant Beegle ordered someone to roll down the windows and Plaintiff Six heard him say words to the effect of "Roll down those windows, I don't want a dead detainee on our hands."

23.     In the alternative to the allegation in paragraph 14 above, Defendant Jonathan Jenkins seized the person of Mr. Six and placed him into the back seat area of a police vehicle and detained him there for several hours on a hot day with the windows rolled up.

24.     In the alternative to the preceding allegation Defendant Jonathan Jenkins assisted other Defendants in seizing the person of Mr. Six and placing him into the back seat of a police vehicle. Defendant's actions assisting in the detention of Mr. Six include but are not limited to providing back up and security support to the Defendant who seized Mr. Six, and failing to ameliorate the conditions in the back of the patrol car during the lengthy

search of Mr. Six's residence with full knowledge that the conditions under which Mr. Six was being detained were dangerous and unreasonable and posed a substantial risk of serious physical harm or death to Mr. Six. Defendant had a duty to come to Mr. Six's aid and breached that duty to Mr. Six.

25. Defendant Jonathan Jenkins intentionally, wantonly, and maliciously seized and detained Mr. Six's person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence, or in the alternative Defendant intentionally, wantonly, and maliciously detained Mr. Six's person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence.

26. In the alternative to the allegations in paragraphs 14 and 23 above, Defendant Jerry Peters seized the person of Mr. Six and placed him into the back seat area of a police vehicle and detained him there for several hours on a hot day with the windows rolled up.

27. In the alternative to the preceding allegation Defendant Jerry Peters assisted other Defendants in seizing the person of Mr. Six and placing him into the back seat of a police vehicle. Defendant's actions assisting in the detention of Mr. Six include but are not limited to providing back up and security support to the Defendant who seized Mr. Six, and failing to ameliorate the conditions in the back of the patrol car during the lengthy search of Mr. Six's residence with full knowledge that the conditions under which Mr. Six was being detained were dangerous and unreasonable and posed a substantial risk of serious physical harm or death to Mr. Six. Defendant had a duty to come to Mr. Six's aid and breached that duty to Mr. Six.

28. Defendant Jerry Peters intentionally, wantonly, and maliciously seized and detained Mr. Six's person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence, or in the alternative Defendant intentionally, wantonly, and maliciously detained Mr. Six's person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence.

29. In the alternative to the allegations in paragraphs 14, 23, and 26 above, Defendant Adam Smith seized the person of Mr. Six and placed him into the back seat area of a police vehicle and detained him there for several hours on a hot day with the windows rolled up.

30. In the alternative to the preceding allegation Defendant Adam Smith assisted other Defendants in seizing the person of Mr. Six and placing him into the back seat of a police vehicle. Defendant's actions assisting in the detention of Mr. Six include but are not limited to providing back up and security support to the Defendant who seized Mr. Six, and failing to ameliorate the conditions in the back of the patrol car during the lengthy search of Mr. Six's residence with full knowledge that the conditions under which Mr. Six was being detained were dangerous and unreasonable and posed a substantial risk of serious physical harm or death to Mr. Six. Defendant had a duty to come to Mr. Six's aid and breached that duty to Mr. Six.

31. Defendant Adam Smith intentionally, wantonly, and maliciously seized and detained Mr. Six's person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence, or in the alternative Defendant intentionally, wantonly, and maliciously detained Mr. Six's person under

unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence.

32. In the alternative to the allegations in paragraphs 14, 23, 26 and 29 above, Defendant Rick Smith seized the person of Mr. Six and placed him into the back seat area of a police vehicle and detained him there for several hours on a hot day with the windows rolled up.

33. In the alternative to the preceding allegation Defendant Rick Smith assisted other Defendants in seizing the person of Mr. Six and placing him into the back seat of a police vehicle. Defendant's actions assisting in the detention of Mr. Six include but are not limited to providing back up and security support to the Defendant who seized Mr. Six, and failing to ameliorate the conditions in the back of the patrol car during the lengthy search of Mr. Six's residence with full knowledge that the conditions under which Mr. Six was being detained were dangerous and unreasonable and posed a substantial risk of serious physical harm or death to Mr. Six. Defendant had a duty to come to Mr. Six's aid and breached that duty to Mr. Six.

34. Defendant Rick Smith intentionally, wantonly, and maliciously seized and detained Mr. Six's person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence, or in the alternative Defendant intentionally, wantonly, and maliciously detained Mr. Six's person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence.

35. In the alternative to the allegations in paragraphs 14, 23, 26, 29 and 32 above, Defendant William Gilkey seized the person of Mr. Six and placed him into the back seat area of a

10

police vehicle and detained him there for several hours on a hot day with the windows rolled up.

36.    In the alternative to the preceding allegation Defendant William Gilkey assisted other Defendants in seizing the person of Mr. Six and placing him into the back seat of a police vehicle. Defendant's actions assisting in the detention of Mr. Six include but are not limited to providing back up and security support to the Defendant who seized Mr. Six, and failing to ameliorate the conditions in the back of the patrol car during the lengthy search of Mr. Six's residence with full knowledge that the conditions under which Mr. Six was being detained were dangerous and unreasonable and posed a substantial risk of serious physical harm or death to Mr. Six.  Defendant had a duty to come to Mr. Six's aid and breached that duty to Mr. Six.

37.    Defendant William Gilkey intentionally, wantonly, and maliciously seized and detained Mr. Six's person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence, or in the alternative Defendant intentionally, wantonly, and maliciously detained Mr. Six's person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence.

38.    In the alternative to the allegations in paragraphs 14, 23, 26, 29, 32 and 35 above, Defendant Scott Trussell seized the person of Mr. Six and placed him into the back seat area of a police vehicle and detained him there for several hours on a hot day with the windows rolled up.

39.    In the alternative to the preceding allegation Defendant Scott Trussell assisted other

Defendants in seizing the person of Mr. Six and placing him into the back seat of a police vehicle. Defendant's actions assisting in the detention of Mr. Six include but are not limited to providing back up and security support to the Defendant who seized Mr. Six, and failing to ameliorate the conditions in the back of the patrol car during the lengthy search of Mr. Six's residence with full knowledge that the conditions under which Mr. Six was being detained were dangerous and unreasonable and posed a substantial risk of serious physical harm or death to Mr. Six. Defendant had a duty to come to Mr. Six's aid and breached that duty to Mr. Six.

40.     Defendant Scott Trussell intentionally, wantonly, and maliciously seized and detained Mr. Six's person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence, or in the alternative Defendant intentionally, wantonly, and maliciously detained Mr. Six's person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence.

41.     In the alternative to the allegations in paragraphs 14, 23, 26, 29, 32, 35, and 38 above, Defendant John Staats seized the person of Mr. Six and placed him into the back seat area of a police vehicle and detained him there for several hours on a hot day with the windows rolled up.

42.     In the alternative to the preceding allegation Defendant John Staats assisted other Defendants in seizing the person of Mr. Six and placing him into the back seat of a police vehicle. Defendant's actions assisting in the detention of Mr. Six include but are not limited to providing back up and security support to the Defendant who seized Mr. Six,

and failing to ameliorate the conditions in the back of the patrol car during the lengthy search of Mr. Six's residence with full knowledge that the conditions under which Mr. Six was being detained were dangerous and unreasonable and posed a substantial risk of serious physical harm or death to Mr. Six. Defendant had a duty to come to Mr. Six's aid and breached that duty to Mr. Six.

43. Defendant John Staats intentionally, wantonly, and maliciously seized and detained Mr. Six's person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence, or in the alternative Defendant intentionally, wantonly, and maliciously detained Mr. Six's person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence.

44. In the alternative to the allegations in paragraphs 14, 23, 26, 29, 32, 35, 38, 41 and 43 above, Defendant Brian Rhodes seized the person of Mr. Six and placed him into the back seat area of a police vehicle and detained him there for several hours on a hot day with the windows rolled up.

45. In the alternative to the preceding allegation Defendant Brian Rhodes assisted other Defendants in seizing the person of Mr. Six and placing him into the back seat of a police vehicle. Defendant's actions assisting in the detention of Mr. Six include but are not limited to providing back up and security support to the Defendant who seized Mr. Six, and failing to ameliorate the conditions in the back of the patrol car during the lengthy search of Mr. Six's residence with full knowledge that the conditions under which Mr. Six was being detained were dangerous and unreasonable and posed a substantial risk of

serious physical harm or death to Mr. Six.  Defendant had a duty to come to Mr. Six's aid and breached that duty to Mr. Six.

46.     Defendant Brian Rhodes intentionally, wantonly, and maliciously seized and detained Mr. Six's person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence, or in the alternative Defendant intentionally, wantonly, and maliciously detained Mr. Six's person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence.

47.     In the alternative to the allegations in paragraphs 14, 23, 26, 29, 32, 35, 38, 41,  and 44 above, Defendant Greg Nohe seized the person of Mr. Six and placed him into the back seat area of a police vehicle and detained him there for several hours on a hot day with the windows rolled up.

48.     In the alternative to the preceding allegation Defendant Greg Nohe assisted other Defendants in seizing the person of Mr. Six and placing him into the back seat of a police vehicle. Defendant's actions assisting in the detention of Mr. Six include but are not limited to providing back up and security support to the Defendant who seized Mr. Six, and failing to ameliorate the conditions in the back of the patrol car during the lengthy search of Mr. Six's residence with full knowledge that the conditions under which Mr. Six was being detained were dangerous and unreasonable and posed a substantial risk of serious physical harm or death to Mr. Six.  Defendant had a duty to come to Mr. Six's aid and breached that duty to Mr. Six.

49.     Defendant Greg Nohe intentionally, wantonly, and maliciously seized and detained Mr.

Six's person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence, or in the alternative Defendant intentionally, wantonly, and maliciously detained Mr. Six's person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence.

50. In the alternative to the allegations in paragraphs 14, 23, 26, 29, 32, 35, 38, 41, 44, and 47 above, Defendant Scott Parks seized the person of Mr. Six and placed him into the back seat area of a police vehicle and detained him there for several hours on a hot day with the windows rolled up.

51. In the alternative to the preceding allegation Defendant Scott Parks assisted other Defendants in seizing the person of Mr. Six and placing him into the back seat of a police vehicle. Defendant's actions assisting in the detention of Mr. Six include but are not limited to providing back up and security support to the Defendant who seized Mr. Six, and failing to ameliorate the conditions in the back of the patrol car during the lengthy search of Mr. Six's residence with full knowledge that the conditions under which Mr. Six was being detained were dangerous and unreasonable and posed a substantial risk of serious physical harm or death to Mr. Six. Defendant had a duty to come to Mr. Six's aid and breached that duty to Mr. Six.

52. Defendant Scott Parks intentionally, wantonly, and maliciously seized and detained Mr. Six's person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence, or in the alternative Defendant intentionally, wantonly, and maliciously detained Mr. Six's person under

unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence.

53. Defendant Robert Beegle assisted other Defendants in detaining the person of Mr. Six in the back seat of a police vehicle. Defendant's actions assisting in the detention of Mr. Six include but are not limited to providing back up and security support to the Defendant who seized Mr. Six, and failing to ameliorate the conditions in the back of the patrol car during the lengthy search of Mr. Six's residence with full knowledge that the conditions under which Mr. Six was being detained were dangerous and unreasonable and posed a substantial risk of serious physical harm or death to Mr. Six. Defendant had a duty to come to Mr. Six's aid and breached that duty to Mr. Six.

54. Defendant Robert Beegle intentionally, wantonly, and maliciously detained Mr. Six's person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence.

55. Defendant Keith Woods assisted other Defendants in detaining the person of Mr. Six in the back seat of a police vehicle. Defendant's actions assisting in the detention of Mr. Six include but are not limited to providing back up and security support to the Defendant who seized Mr. Six, and failing to ameliorate the conditions in the back of the patrol car during the lengthy search of Mr. Six's residence with full knowledge that the conditions under which Mr. Six was being detained were dangerous and unreasonable and posed a substantial risk of serious physical harm or death to Mr. Six. Defendant had a duty to come to Mr. Six's aid and breached that duty to Mr. Six.

56. Defendant Keith Woods intentionally, wantonly, and maliciously detained Mr. Six's

16

person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence.

57.     Defendant Josh Shields assisted other Defendants in detaining the person of Mr. Six in the back seat of a police vehicle. Defendant's actions assisting in the detention of Mr. Six include but are not limited to providing back up and security support to the Defendant who seized Mr. Six, and failing to ameliorate the conditions in the back of the patrol car during the lengthy search of Mr. Six's residence with full knowledge that the conditions under which Mr. Six was being detained were dangerous and unreasonable and posed a substantial risk of serious physical harm or death to Mr. Six. Defendant had a duty to come to Mr. Six's aid and breached that duty to Mr. Six.

58.     Defendant Josh Shields intentionally, wantonly, and maliciously detained Mr. Six's person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence.

59.     Defendant Christine Roberts assisted other Defendants in detaining the person of Mr. Six in the back seat of a police vehicle. Defendant's actions assisting in the detention of Mr. Six include but are not limited to providing back up and security support to the Defendant who seized Mr. Six, and failing to ameliorate the conditions in the back of the patrol car during the lengthy search of Mr. Six's residence with full knowledge that the conditions under which Mr. Six was being detained were dangerous and unreasonable and posed a substantial risk of serious physical harm or death to Mr. Six. Defendant had a duty to come to Mr. Six's aid and breached that duty to Mr. Six.

60.     Defendant Christine Roberts intentionally, wantonly, and maliciously detained Mr. Six's

person under unreasonable and injurious conditions and failed to ameliorate those conditions during the lengthy search of Mr. Six's residence.

61. Defendants Robert Beegle, Adam Smith, Rick Smith, Scott Trussell, William Gilkey, Christine Roberts,  Brian Rhodes, Greg Nohe, John Staats, Scott Parks, Jerry Peters, Scott Fitch, Jonathan Jenkins, Keith Woods and Josh Shields searched the property and residence of Plaintiff Robert Six while they detained him in the police vehicle.

62. Mr. Six is a gun collector and has a large collection of guns, many of which are old guns and collector's items.

63. Defendants Robert Beegle, Adam Smith, Rick Smith, Scott Trussell, William Gilkey, Christine Roberts,  Brian Rhodes, Greg Nohe, John Staats, Scott Parks, Jerry Peters, Scott Fitch, Jonathan Jenkins, Keith Woods and Josh Shields seized a large number of items of personal property belonging to the Plaintiffs including but not limited to ammunition and hundreds of firearms, some of which belonged to Mr. Six and some to Mrs. Six, including but not limited to the items contained in the lists attached hereto as Exhibits A and B.

64. Defendant Robert Beegle seized firearms, ammunition, and other items of personal property belonging to the Plaintiffs from the Plaintiffs' residence, including but not limited to some of the firearms included in Exhibits A and B hereto, firearms that Defendants did not document in Exhibits A and B, and firearms and other personal property which Defendant failed to record in any document.

65. Defendant Robert Beegle had no evidence whatsoever (and lacked probable cause and a reasonable suspicion to believe) that the firearms, ammunition, and personal property he seized were contraband, or were in any way used in the commission of, in furtherance of,

or to facilitate the alleged offense of aggravated possession of marijuana or any other criminal offense.

66.     Defendant Robert Beegle intentionally, wantonly and maliciously seized the Plaintiffs' personal property, including but not limited to the firearms, without reason to believe that the items were contraband, or were proceeds of or used in the commission of the marijuana possession charge on which they arrested and prosecuted him. This seizure violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

67.     Defendant Robert Beegle intentionally, wantonly, and maliciously has failed to return the Plaintiffs' personal property that he illegally seized, even though such items were illegally seized at the moment he seized them and should have been immediately returned. This failure to return the Plaintiffs' property that was illegally seized violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

68.     Defendant Adam Smith seized firearms, ammunition, and other items of personal property belonging to the Plaintiffs from the Plaintiffs' residence, including but not limited to some of the firearms included in Exhibits A and B hereto, firearms that Defendants did not document in Exhibits A and B, and firearms and other personal property which Defendant failed to record in any document.

69.     Defendant Adam Smith had no evidence whatsoever (and lacked probable cause and a reasonable suspicion to believe) that the firearms, ammunition, and personal property he seized were contraband, or were in any way used in the commission of, in furtherance of,

or to facilitate the alleged offense of aggravated possession of marijuana or any other criminal offense.

70. Defendant Adam Smith intentionally, wantonly and maliciously seized the Plaintiffs' personal property, including but not limited to the firearms, without reason to believe that the items were contraband, or were proceeds of or used in the commission of the marijuana possession charge on which they arrested and prosecuted him. This seizure violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

71. Defendant Adam Smith intentionally, wantonly, and maliciously has failed to return the Plaintiffs' personal property that he illegally seized, even though such items were illegally seized at the moment he seized them and should have been immediately returned. This failure to return the Plaintiffs' property that was illegally seized violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

72. Defendant Rick Smith seized firearms, ammunition, and other items of personal property belonging to the Plaintiffs from the Plaintiffs' residence, including but not limited to some of the firearms included in Exhibits A and B hereto, firearms that Defendants did not document in Exhibits A and B, and firearms and other personal property which Defendant failed to record in any document.

73. Defendant Rick Smith had no evidence whatsoever (and lacked probable cause and a reasonable suspicion to believe) that the firearms, ammunition, and personal property he seized were contraband, or were in any way used in the commission of, in furtherance of,

or to facilitate the alleged offense of aggravated possession of marijuana or any other criminal offense.

74.    Defendant Rick Smith intentionally, wantonly and maliciously seized the Plaintiffs' personal property, including but not limited to the firearms, without reason to believe that the items were contraband, or were proceeds of or used in the commission of the marijuana possession charge on which they arrested and prosecuted him. This seizure violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

75.    Defendant Rick Smith intentionally, wantonly, and maliciously has failed to return the Plaintiffs' personal property that he illegally seized, even though such items were illegally seized at the moment he seized them and should have been immediately returned. This failure to return the Plaintiffs' property that was illegally seized violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

76.    Defendant William Gilkey seized firearms, ammunition, and other items of personal property belonging to the Plaintiffs from the Plaintiffs' residence, including but not limited to some of the firearms included in Exhibits A and B hereto, firearms that Defendants did not document in Exhibits A and B, and firearms and other personal property which Defendant failed to record in any document.

77.    Defendant William Gilkey had no evidence whatsoever (and lacked probable cause and a reasonable suspicion to believe) that the firearms, ammunition, and personal property he seized were contraband, or were in any way used in the commission of, in furtherance of,

or to facilitate the alleged offense of aggravated possession of marijuana or any other criminal offense.

78. Defendant William Gilkey intentionally, wantonly and maliciously seized the Plaintiffs' personal property, including but not limited to the firearms, without reason to believe that the items were contraband, or were proceeds of or used in the commission of the marijuana possession charge on which they arrested and prosecuted him. This seizure violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

79. Defendant William Gilkey intentionally, wantonly, and maliciously has failed to return the Plaintiffs' personal property that he illegally seized, even though such items were illegally seized at the moment he seized them and should have been immediately returned. This failure to return the Plaintiffs' property that was illegally seized violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

80. Defendant Scott Trussell seized firearms, ammunition, and other items of personal property belonging to the Plaintiffs from the Plaintiffs' residence, including but not limited to some of the firearms included in Exhibits A and B hereto, firearms that Defendants did not document in Exhibits A and B, and firearms and other personal property which Defendant failed to record in any document.

81. Defendant Scott Trussell had no evidence whatsoever (and lacked probable cause and a reasonable suspicion to believe) that the firearms, ammunition, and personal property he seized were contraband, or were in any way used in the commission of, in furtherance of,

or to facilitate the alleged offense of aggravated possession of marijuana or any other criminal offense.

82. Defendant Scott Trussell intentionally, wantonly and maliciously seized the Plaintiffs' personal property, including but not limited to the firearms, without reason to believe that the items were contraband, or were proceeds of or used in the commission of the marijuana possession charge on which they arrested and prosecuted him. This seizure violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

83. Defendant Scott Trussell intentionally, wantonly, and maliciously has failed to return the Plaintiffs' personal property that he illegally seized, even though such items were illegally seized at the moment he seized them and should have been immediately returned. This failure to return the Plaintiffs' property that was illegally seized violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

84. Defendant Christine Roberts seized firearms, ammunition, and other items of personal property belonging to the Plaintiffs from the Plaintiffs' residence, including but not limited to some of the firearms included in Exhibits A and B hereto, firearms that Defendants did not document in Exhibits A and B, and firearms and other personal property which Defendant failed to record in any document.

85. Defendant Christine Roberts had no evidence whatsoever (and lacked probable cause and a reasonable suspicion to believe) that the firearms, ammunition, and personal property he seized were contraband, or were in any way used in the commission of, in furtherance of,

or to facilitate the alleged offense of aggravated possession of marijuana or any other criminal offense.

86.     Defendant Christine Roberts intentionally, wantonly and maliciously seized the Plaintiffs' personal property, including but not limited to the firearms, without reason to believe that the items were contraband, or were proceeds of or used in the commission of the marijuana possession charge on which they arrested and prosecuted him. This seizure violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

87.     Defendant Christine Roberts intentionally, wantonly, and maliciously has failed to return the Plaintiffs' personal property that she illegally seized, even though such items were illegally seized at the moment she seized them and should have been immediately returned. This failure to return the Plaintiffs' property that was illegally seized violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

88.     Defendants Christine Roberts and Rick Smith prepared an inventory list from the aforementioned search of the Plaintiffs' residence which they both signed and which is attached as Exhibit B hereto.

89.     The list prepared by Defendants Rick Smith and Christine Roberts and attached hereto as Exhibit B failed to include all of the items that were seized during the aforementioned search at the Plaintiffs' residence.

90.     Defendants Rick Smith and Christine Roberts intentionally, wantonly, and maliciously failed to include all of the items of personal property that were seized on the inventory

document they prepared and which is attached as Exhibit B hereto, with the intent to deprive the Plaintiffs of their property without due process of law.

91.  Defendant Adam Smith prepared a Meigs County Sheriff's Office Property Supplement form which bears his name at the end identifying him as the preparer of the list and which is attached as Exhibit A hereto.

92.  The list prepared by Defendant Adam Smith and attached hereto as Exhibit B  failed to include all of the items that were seized during the aforementioned search at the Plaintiffs' residence.

93.  Defendant Adam Smith intentionally, wantonly, and maliciously failed to include all of the items of personal property that were seized on the  Meigs County Sheriff's Office Property Supplement document he prepared and which is attached as Exhibit A hereto, with the intent to deprive the Plaintiffs of their personal property without due process of law.

94.  Items of personal property that were not listed on Exhibits A and B hereto were in fact not returned to Plaintiffs.  Such items were converted to the use of one or more of the Defendants, and have never been returned.

95.  Defendant John Staats seized firearms, ammunition, and other items of personal property belonging to the Plaintiffs from the Plaintiffs' residence, including but not limited to some of the firearms included in Exhibits A and B hereto, firearms that Defendants did not document in Exhibits A and B, and firearms and other personal property which Defendant failed to record in any document.

96.  Defendant John Staats had no evidence whatsoever (and lacked probable cause and a

reasonable suspicion to believe) that the firearms, ammunition, and personal property he seized were contraband, or were in any way used in the commission of, in furtherance of, or to facilitate the alleged offense of aggravated possession of marijuana or any other criminal offense.

97. Defendant John Staats intentionally, wantonly and maliciously seized the Plaintiffs' personal property, including but not limited to the firearms, without reason to believe that the items were contraband, or were proceeds of or used in the commission of the marijuana possession charge on which they arrested and prosecuted him. This seizure violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

98. Defendant John Staats intentionally, wantonly, and maliciously has failed to return the Plaintiffs' personal property that he illegally seized, even though such items were illegally seized at the moment he seized them and should have been immediately returned. This failure to return the Plaintiffs' property that was illegally seized violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

99. Defendant Brian Rhodes seized firearms, ammunition, and other items of personal property belonging to the Plaintiffs from the Plaintiffs' residence, including but not limited to some of the firearms included in Exhibits A and B hereto, firearms that Defendants did not document in Exhibits A and B, and firearms and other personal property which Defendant failed to record in any document.

100. Defendant Brian Rhodes had no evidence whatsoever (and lacked probable cause and a

reasonable suspicion to believe) that the firearms, ammunition, and personal property he seized were contraband, or were in any way used in the commission of, in furtherance of, or to facilitate the alleged offense of aggravated possession of marijuana or any other criminal offense.

101. Defendant Brian Rhodes intentionally, wantonly and maliciously seized the Plaintiffs' personal property, including but not limited to the firearms, without reason to believe that the items were contraband, or were proceeds of or used in the commission of the marijuana possession charge on which they arrested and prosecuted him. This seizure violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

102. Defendant Brian Rhodes intentionally, wantonly, and maliciously has failed to return the Plaintiffs' personal property that he illegally seized, even though such items were illegally seized at the moment he seized them and should have been immediately returned. This failure to return the Plaintiffs' property that was illegally seized violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

103. Defendant Greg Nohe seized firearms, ammunition, and other items of personal property belonging to the Plaintiffs from the Plaintiffs' residence, including but not limited to some of the firearms included in Exhibits A and B hereto, firearms that Defendants did not document in Exhibits A and B, and firearms and other personal property which Defendant failed to record in any document.

104. Defendant Greg Nohe had no evidence whatsoever (and lacked probable cause and a

reasonable suspicion to believe) that the firearms, ammunition, and personal property he seized were contraband, or were in any way used in the commission of, in furtherance of, or to facilitate the alleged offense of aggravated possession of marijuana or any other criminal offense.

105.     Defendant Greg Nohe intentionally, wantonly and maliciously seized the Plaintiffs' personal property, including but not limited to the firearms, without reason to believe that the items were contraband, or were proceeds of or used in the commission of the marijuana possession charge on which they arrested and prosecuted him. This seizure violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

106.     Defendant Greg Nohe intentionally, wantonly, and maliciously has failed to return the Plaintiffs' personal property that he illegally seized, even though such items were illegally seized at the moment he seized them and should have been immediately returned. This failure to return the Plaintiffs' property that was illegally seized violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

107.     Defendant Scott Parks seized firearms, ammunition, and other items of personal property belonging to the Plaintiffs from the Plaintiffs' residence, including but not limited to some of the firearms included in Exhibits A and B hereto, firearms that Defendants did not document in Exhibits A and B, and firearms and other personal property which Defendant failed to record in any document.

108.     Defendant Scott Parks had no evidence whatsoever (and lacked probable cause and a

reasonable suspicion to believe) that the firearms, ammunition, and personal property he seized were contraband, or were in any way used in the commission of, in furtherance of, or to facilitate the alleged offense of aggravated possession of marijuana or any other criminal offense.

109. Defendant Scott Parks intentionally, wantonly and maliciously seized the Plaintiffs' personal property, including but not limited to the firearms, without reason to believe that the items were contraband, or were proceeds of or used in the commission of the marijuana possession charge on which they arrested and prosecuted him. This seizure violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

110. Defendant Scott Parks intentionally, wantonly, and maliciously has failed to return the Plaintiffs' personal property that he illegally seized, even though such items were illegally seized at the moment he seized them and should have been immediately returned. This failure to return the Plaintiffs' property that was illegally seized violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

111. Defendant Jerry Peters seized firearms, ammunition, and other items of personal property belonging to the Plaintiffs from the Plaintiffs' residence, including but not limited to some of the firearms included in Exhibits A and B hereto, firearms that Defendants did not document in Exhibits A and B, and firearms and other personal property which Defendant failed to record in any document.

112. Defendant Jerry Peters had no evidence whatsoever (and lacked probable cause and a

reasonable suspicion to believe) that the firearms, ammunition, and personal property he seized were contraband, or were in any way used in the commission of, in furtherance of, or to facilitate the alleged offense of aggravated possession of marijuana or any other criminal offense.

113. Defendant Jerry Peters intentionally, wantonly and maliciously seized the Plaintiffs' personal property, including but not limited to the firearms, without reason to believe that the items were contraband, or were proceeds of or used in the commission of the marijuana possession charge on which they arrested and prosecuted him. This seizure violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

114. Defendant Jerry Peters intentionally, wantonly, and maliciously has failed to return the Plaintiffs' personal property that he illegally seized, even though such items were illegally seized at the moment he seized them and should have been immediately returned. This failure to return the Plaintiffs' property that was illegally seized  violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

115. Defendant Scott Fitch seized firearms, ammunition, and other items of personal property belonging to the Plaintiffs from the Plaintiffs' residence, including but not limited to some of the firearms included in Exhibits A and B hereto, firearms that Defendants did not document in Exhibits A and B, and firearms and other personal property which Defendant failed to record in any document.

116. Defendant Scott Fitch had no evidence whatsoever (and lacked probable cause and a

reasonable suspicion to believe) that the firearms, ammunition, and personal property he seized were contraband, or were in any way used in the commission of, in furtherance of, or to facilitate the alleged offense of aggravated possession of marijuana or any other criminal offense.

117. Defendant Scott Fitch intentionally, wantonly and maliciously seized the Plaintiffs' personal property, including but not limited to the firearms, without reason to believe that the items were contraband, or were proceeds of or used in the commission of the marijuana possession charge on which they arrested and prosecuted him. This seizure violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

118. Defendant Scott Fitch intentionally, wantonly, and maliciously has failed to return the Plaintiffs' personal property that he illegally seized, even though such items were illegally seized at the moment he seized them and should have been immediately returned. This failure to return the Plaintiffs' property that was illegally seized violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

119. Defendant Jonathan Jenkins seized firearms, ammunition, and other items of personal property belonging to the Plaintiffs from the Plaintiffs' residence, including but not limited to some of the firearms included in Exhibits A and B hereto, firearms that Defendants did not document in Exhibits A and B, and firearms and other personal property which Defendant failed to record in any document.

120. Defendant Jonathan Jenkins had no evidence whatsoever (and lacked probable cause and

a reasonable suspicion to believe) that the firearms, ammunition, and personal property he seized were contraband, or were in any way used in the commission of, in furtherance of, or to facilitate the alleged offense of aggravated possession of marijuana or any other criminal offense.

121.    Defendant Jonathan Jenkins intentionally, wantonly and maliciously seized the Plaintiffs' personal property, including but not limited to the firearms, without reason to believe that the items were contraband, or were proceeds of or used in the commission of the marijuana possession charge on which they arrested and prosecuted him.  This seizure violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

122.    Defendant Jonathan Jenkins intentionally, wantonly, and maliciously has failed to return the Plaintiffs' personal property that he illegally seized, even though such items were illegally seized at the moment he seized them and should have been immediately returned. This failure to return the Plaintiffs' property that was illegally seized  violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

123.    Defendant Keith Woods seized firearms, ammunition, and other items of personal property belonging to the Plaintiffs from the Plaintiffs' residence, including but not limited to some of the firearms included in Exhibits A and B hereto, firearms that Defendants did not document in Exhibits A and B, and firearms and other personal property which Defendant failed to record in any document.

124.    Defendant Keith Woods had no evidence whatsoever (and lacked probable cause and a

reasonable suspicion to believe) that the firearms, ammunition, and personal property (including but not limited to the turkey and deer parts) he seized were contraband, or were in any way used in the commission of, in furtherance of, or to facilitate the alleged offense of aggravated possession of marijuana or any other criminal offense.

125. Defendant Keith Woods intentionally, wantonly and maliciously seized the Plaintiffs' personal property, including but not limited to the firearms and turkey and deer parts, without reason to believe that the items were contraband, or were proceeds of or used in the commission of the marijuana possession charge on which they arrested and prosecuted him. This seizure violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

126. Defendant Keith Woods intentionally, wantonly, and maliciously has failed to return the Plaintiffs' personal property that he illegally seized, even though such items were illegally seized at the moment he seized them and should have been immediately returned. This failure to return the Plaintiffs' property that was illegally seized  violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

127.  Defendant Josh Shields seized firearms, ammunition, and other items of personal property belonging to the Plaintiffs from the Plaintiffs' residence, including but not limited to some of the firearms included in Exhibits A and B hereto, firearms that Defendants did not document in Exhibits A and B, and firearms and other personal property which Defendant failed to record in any document.

128. Defendant Josh Shields had no evidence whatsoever (and lacked probable cause and a

reasonable suspicion to believe) that the firearms, ammunition, and personal property (including but not limited to the turkey and deer parts) he seized were contraband, or were in any way used in the commission of, in furtherance of, or to facilitate the alleged offense of aggravated possession of marijuana or any other criminal offense.

129. Defendant Josh Shields intentionally, wantonly and maliciously seized the Plaintiffs' personal property, including but not limited to the firearms and turkey and deer parts, without reason to believe that the items were contraband, or were proceeds of or used in the commission of the marijuana possession charge on which they arrested and prosecuted him. This seizure violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

130. Defendant Josh Shields intentionally, wantonly, and maliciously has failed to return the Plaintiffs' personal property that he illegally seized, even though such items were illegally seized at the moment he seized them and should have been immediately returned. This failure to return the Plaintiffs' property that was illegally seized violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

131. Defendant Beegle is the Sheriff of Meigs County, Ohio and as such is ultimately responsible for the preservation, storage, and proper disposition of personal property delivered into the custody of the Meigs County Sheriff's Office, including but not limited to personal property kept in any evidence room or like facility maintained by the Meigs County Sheriff's Office.

132. Defendant Beegle wilfully, wantonly, and intentionally failed to preserve the Plaintiffs'

personal property that was seized by the Defendants during the aforementioned search of the Plaintiffs' residence resulting in numerous items of personal property not being returned to the Plaintiffs in violation of the Plaintiffs' Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

133. Plaintiff Bobbi Six was never charged with any crimes as a result of the search and seizure that was conducted by the Defendants on August 5, 2009.

134. None of the Defendants (namely Robert Beegle, Adam Smith, Rick Smith, Scott Trussell, William Gilkey, Christine Roberts, Brian Rhodes, Greg Nohe, John Staats, Scott Parks, Jerry Peters, Scott Fitch, Jonathan Jenkins, Keith Woods and Josh Shields) ever initiated any legal process of any kind to forfeit any of Mrs. Six's personal property that Defendants seized, including but not limited to the firearms that belonged to her. No such legal process was ever initiated by anyone with regard to Mrs. Six's property.

135. Defendants Rick Smith, Christine Roberts, and Adam Smith kept two lists purporting to document the firearms and other items of personal property that they seized. See Exhibits A and B hereto (Meigs County Sheriff's Office Property Supplement to Incident Report, and Columbus Division of Police Narcotics Bureau Evidence Inventory, respectively).

136. During the search of Plaintiffs' property and residence Defendants Keith Woods and Josh Shields found properly tagged deer antlers and properly tagged wild turkey feathers.

137. Defendants Keith Woods and Josh Shields photographed the deer antlers and turkey feathers with the tags on them.

138. Defendants Keith Woods and Josh Shields then removed the tags from the deer antlers and turkey feathers.

139. Defendants Keith Woods and Josh Shields charged Mr. Six with a crime for possessing untagged deer antlers and turkey feathers.

140. Defendants Keith Woods and Josh Shields intentionally, wantonly, and maliciously removed the tags from the antlers and turkey feathers so that they could fraudulently and maliciously charge Mr. Six with a crime he did not commit.

141. Defendants Keith Woods and Josh Shields filed criminal charges against Mr. Six in Meigs County Municipal Court for illegal possession of untagged deer and turkey parts, and took action in support of the criminal charges.

142. The criminal charges that Defendants Keith Woods and Josh Shields filed against Mr. Six for the deer and turkey parts were dismissed by the Meigs County Municipal Court.

143. Defendants Keith Woods and Josh Shields filed the aforementioned charges relating to the deer and turkey parts maliciously and with full knowledge that the complaints were not supported by probable cause.

144. Mr. Six was charged with aggravated possession of marijuana with a forfeiture specification seeking to forfeit "approximately three hundred firearms and ammunition".

145. All of the firearms and ammunition that the Defendants (namely Robert Beegle, Adam Smith, Rick Smith, Scott Trussell, William Gilkey, Christine Roberts, Brian Rhodes, Greg Nohe, John Staats, Scott Parks, Jerry Peters, Scott Fitch, Jonathan Jenkins, Keith Woods and Josh Shields) sought to forfeit were items seized during the aforementioned search and seizure on August 5th, 2009.

146. Defendants Robert Beegle, Adam Smith, Rick Smith, Scott Trussell, William Gilkey, Christine Roberts, Brian Rhodes, Greg Nohe, John Staats, Scott Parks, Jerry Peters, Scott

Fitch, Jonathan Jenkins, Keith Woods and Josh Shields each knew that the attempt to forfeit the aforementioned personal property to the State was fraudulent and in violation of the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution in that each of said Defendants knew that the personal property was not contraband or otherwise subject to forfeiture, was illegally seized ab initio, and should not only have been returned to Plaintiffs, but was illegally seized to begin with. Despite such knowledge, and with further knowledge that the State was seeking to illegally forfeit the items to the State, each of the Defendants wilfully, wantonly, and maliciously failed to make any attempt to prevent the forfeiture or to bring to the attention of the Court before which the forfeiture proceedings were pending the illegality of the initial seizure of the personal property, and the illegality of the forfeiture proceedings themselves.

147. After Mr. Six moved to dismiss the aforementioned forfeiture specification the Meigs County Common Pleas Court granted his motion and dismissed the forfeiture specification. The State did not appeal the dismissal of the forfeiture specification.

148. In granting the motion to dismiss the forfeiture specification the Meigs County Common Pleas Court noted that, "Section 2941.1417 R.C. as mentioned earlier requires the indictment to specify to the extent reasonably known at the time of the filing: 1) the nature an extent of Defendant's interest in the property; 2) a description of the property; and 3) the alleged use or intended use of the property by the Defendant in the commission or facilitation of the aggravated possession of marijuana charge. We can't tell from the specification how many firearms are involved, much less what they are or even if the are operable. We don't know whether there are 325 or 275 firearms. We don't know

whether they are handguns, rifles, or shotguns. We don't know what ammunition was seized and requested to be forfeited. We don't know whether there was ammunition for all firearms or just one and we don't know whether it was capable of being used with any of the firearms. There was no showing that any of these firearms or the ammunition was used to commit or attempt to commit the offense of aggravated possession of marijuana. There was no showing of the extent to which these items furthered the commission of or attempt to commit the offense of aggravated possession of marijuana. There was no showing that these items were used for the primary purpose of committing or attempting to commit the alleged offense. The Court finds that the offense could have been committed without the presence of these items. Based upon the above, the Court finds the Defendant's motion to dismiss the forfeiture specification well taken." See Exhibit C hereto, Judgment Entry of the Meigs County Common Pleas Court dated March 4, 2011.

149.    By April of 2011 the firearms ammunition and other personal property belonging to the Plaintiffs had not been returned and Mr. Six filed a motion for return of his property.

150.    The Meigs County Common Pleas Court granted Mr. Six's motion to return the property. See Exhibit D hereto, Judgment Entry of the Meigs County Common Pleas Court of April 8, 2011.

151.    The Meigs County Common Pleas Court ordered the Defendants to return the firearms that were the subject of the dismissed forfeiture specification and all other personal property that was seized from the Plaintiffs, stating "The Court finds no just reason for the State to continue to retain the Defendant's property. Said property is not the subject of any pending forfeiture action; is not subject to any ongoing investigation, and is not

contraband in any manner. Therefore, the State of Ohio, including and all law

enforcement agencies who have possession of any of the Defendant's personal property,

are hereby ORDERED to immediately return all of the Defendant's personal property,

including all firearms and ammunition, immediately to the Defendant. Specifically, the

Meigs County Sheriff's Department is ORDERED to turn over to Defendant all personal

property belonging to the Defendant, including all firearms and ammunition, to the

Defendant, on **Monday, April 11, 2011 at 10:00 a.m.**. Steve Jagers of Ohio Valley

Investigations shall oversee the exchange of items at the cost of the Defendant.". See

Exhibit D hereto, Judgment Entry of the Meigs County Common Pleas Court of April 8,

2011 (emphasis in the original).

152. The Defendants (namely Robert Beegle, Adam Smith, Rick Smith, Scott Trussell,

William Gilkey, Christine Roberts, Brian Rhodes, Greg Nohe, John Staats, Scott Parks,

Jerry Peters, Scott Fitch, Jonathan Jenkins, Keith Woods and Josh Shields) failed to

return all of the Plaintiffs personal property on April 11, 2011.

153. As of the date of filing of this Complaint, the Defendants (namely Robert Beegle, Adam

Smith, Rick Smith, Scott Trussell, William Gilkey, Christine Roberts, Brian Rhodes,

Greg Nohe, John Staats, Scott Parks, Jerry Peters, Scott Fitch, Jonathan Jenkins, Keith

Woods and Josh Shields) have still failed to return all of the Plaintiffs' personal property.

154. Defendant Beegle who, as Sheriff of Meigs County, Ohio, had ultimate responsibility for

retaining and returning all of the Plaintiffs' personal property that was seized and given

into the custody of the Meigs County Sheriffs' Office failed to return all of the items that

were being held by the Meigs County Sheriff's Office.

155. As ordered by the Meigs County Common Pleas Court Mr. Steve Jagers (hereinafter Mr. Jagers) oversaw the return of the Plaintiffs' property.

156. Mr. Jagers reviewed the inventory lists of seized firearms generated by the Defendants (see Exhibits A and B hereto) and compared that with the firearms that were actually returned to the Plaintiffs.

157. Mr. Jagers determined that the Defendants failed to return to the Plaintiffs thirty (30) of the firearms that Defendants seized and listed as having been seized in their inventory.

158. Mr. Jagers generated two lists of the firearms that were not returned to the Plaintiffs which are attached hereto as Exhibits E an F, one for each of the two inventory documents prepared by the Defendants (Exhibits A and B).

159. Each Defendant (namely Robert Beegle, Adam Smith, Rick Smith, Scott Trussell, William Gilkey, Christine Roberts, Brian Rhodes, Greg Nohe, John Staats, Scott Parks, Jerry Peters, Scott Fitch, Jonathan Jenkins, Keith Woods and Josh Shields) has failed to return the firearms that Mr. Jagers identified as not having been returned in Exhibits E and F, including items that each said Defendant personally illegally seized.

160. Each Defendant (namely Robert Beegle, Adam Smith, Rick Smith, Scott Trussell, William Gilkey, Christine Roberts, Brian Rhodes, Greg Nohe, John Staats, Scott Parks, Jerry Peters, Scott Fitch, Jonathan Jenkins, Keith Woods and Josh Shields) has also failed to return the firearms that each one seized (including those that each Defendant personally and illegally seized) but did not document in Exhibits A or B or anywhere else.

161. Each Defendant (namely Robert Beegle, Adam Smith, Rick Smith, Scott Trussell, William Gilkey, Christine Roberts, Brian Rhodes, Greg Nohe, John Staats, Scott Parks,

Jerry Peters, Scott Fitch, Jonathan Jenkins, Keith Woods and Josh Shields) intentionally, wantonly, and maliciously caused damage to some of the seized firearms, and other items of personal property (including those firearms and items of personal property that each Defendant personally and illegally seized) that were returned to the Plaintiffs resulting in a diminution in the value of the firearms and other personal property.

162.    Each Defendant (namely Robert Beegle, Adam Smith, Rick Smith, Scott Trussell, William Gilkey, Christine Roberts,  Brian Rhodes, Greg Nohe, John Staats, Scott Parks, Jerry Peters, Scott Fitch, Jonathan Jenkins, Keith Woods and Josh Shields) intentionally, wantonly, and maliciously seized, held and failed to return items of the Plaintiffs' personal property (including those firearms and items of personal property that each Defendant personally and illegally seized) knowing that such seizure and failure to return the property was in violation of the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

163.    Each Defendant (namely Robert Beegle, Adam Smith, Rick Smith, Scott Trussell, William Gilkey, Christine Roberts,  Brian Rhodes, Greg Nohe, John Staats, Scott Parks, Jerry Peters, Scott Fitch, Jonathan Jenkins, Keith Woods and Josh Shields) has intentionally, wantonly, and maliciously converted items of the Plaintiffs' personal property, including but not limited to the firearms, to his own use.

164.    Each Defendant ( namely Robert Beegle, Adam Smith, Rick Smith, Scott Trussell, William Gilkey, Christine Roberts,  Brian Rhodes, Greg Nohe, John Staats, Scott Parks, Jerry Peters, Scott Fitch, Jonathan Jenkins, Keith Woods and Josh Shields) intentionally, wantonly and maliciously seized items of the Plaintiffs' personal property, including but

not limited to the firearms, without reason to believe that the items were contraband, or proceeds of or used in the commission of the marijuana possession charge on which they arrested and prosecuted him.

165. Each Defendant (namely Robert Beegle, Adam Smith, Rick Smith, Scott Trussell, William Gilkey, Christine Roberts, Brian Rhodes, Greg Nohe, John Staats, Scott Parks, Jerry Peters, Scott Fitch, Jonathan Jenkins, Keith Woods and Josh Shields) knew or should have known that the Plaintiffs' personal property (including but not limited to the firearms) was not subject to seizure and not subject to forfeiture, but seized it, failed to return it, and sought to forfeit it anyway.

166. Each Defendant (namely Robert Beegle, Adam Smith, Rick Smith, Scott Trussell, William Gilkey, Christine Roberts, Brian Rhodes, Greg Nohe, John Staats, Scott Parks, Jerry Peters, Scott Fitch, Jonathan Jenkins, Keith Woods and Josh Shields) intentionally, wantonly, and maliciously seized firearms and other items of personal property from Plaintiffs without documenting the items, for the purpose of depriving Plaintiffs of their property without due process of law.

167. At all relevant times, Plaintiffs were the owners of all of the items of personal property that Defendants seized, and all of the personal property that Defendants failed to return.

168. Each Defendant (namely Robert Beegle, Adam Smith, Rick Smith, Scott Trussell, William Gilkey, Christine Roberts, Brian Rhodes, Greg Nohe, John Staats, Scott Parks, Jerry Peters, Scott Fitch, Jonathan Jenkins, Keith Woods and Josh Shields) intentionally, wantonly, maliciously, and illegally has failed to return the Plaintiffs personal property, and has kept and continue to keep the Plaintiffs' personal property for an excessive and

unreasonable amount of time.

169.   The Defendants actions taken at the Plaintiffs' residence on August 5th, 2009 were coordinated beforehand by the Defendants.

170.   The illegal seizure and holding the Plaintiffs' personal property was discussed among the Defendants and a plan was developed by the Defendants prior to the search and seizure.

171.   All of the Defendants together conspired to violate Plaintiffs' rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by illegally seizing and converting to their own use Plaintiffs' personal property, by failing to document the seizure of many firearms and other items of personal property so that they could be converted by the Defendants more easily, removing the tags from the deer and turkey parts (by Defendants Woods and Shields) so that they could maliciously prosecute Mr. Six for crimes he did not commit and keep the deer and turkey parts, by illegally converting the firearms that were listed in their inventory documents as having been seized, and by detaining Mr. Six's person under conditions which they knew or should have know would cause him physical and mental harm.

172.   The actions taken by Defendants (namely Robert Beegle, Adam Smith, Rick Smith, Scott Trussell, William Gilkey, Christine Roberts,  Brian Rhodes, Greg Nohe, John Staats, Scott Parks, Jerry Peters, Scott Fitch, Jonathan Jenkins, Keith Woods and Josh Shields) and described in this Complaint were done as part of a conspiracy in which all of the Defendants participated, to engage in conduct which violated the constitutional rights of the Plaintiffs.  All acts alleged herein were done in furtherance of the said agreement and conspiracy.

173. Said acts by the Defendants (namely Robert Beegle, Adam Smith, Rick Smith, Scott Trussell, William Gilkey, Christine Roberts, Brian Rhodes, Greg Nohe, John Staats, Scott Parks, Jerry Peters, Scott Fitch, Jonathan Jenkins, Keith Woods and Josh Shields) proximately caused Plaintiff Robert Six to suffer physical harm as a result of the illegal seizure and detention of his person, and proximately caused both Plaintiffs to suffer economic harm, property damage, mental and emotional anguish, humiliation, fear, embarrassment and inconvenience.

174. There was no need or legal justification to engage in the actions described above.

175. The said acts by the Defendants (namely Robert Beegle, Adam Smith, Rick Smith, Scott Trussell, William Gilkey, Christine Roberts, Brian Rhodes, Greg Nohe, John Staats, Scott Parks, Jerry Peters, Scott Fitch, Jonathan Jenkins, Keith Woods and Josh Shields) were done recklessly, wantonly, in bad faith, and/or maliciously. The said acts were further done under color of state law.

## FIRST CLAIM

**(Plaintiffs' claims for illegal seizure of personal property against all Defendants, except with regard to claims regarding the turkey and deer parts which are asserted only against Defendants Woods and Shields)**

176. Plaintiffs incorporate all of the foregoing allegations as if fully rewritten herein. As alleged above, the illegal seizure of Plaintiffs' personal property, including but not limited to the aforementioned firearms, and the subsequent failure of each Defendant to return the Plaintiffs' personal property constitute violations of the Plaintiffs' rights guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution; and 42 U.S.C. 1983 et seq. The claims regarding the turkey and deer parts

are asserted against Defendants Woods and Shields only.

## SECOND CLAIM

**(Plaintiffs' Section 1983 claims for illegal seizure of personal property by damaging it)**

177.    Plaintiffs incorporate all of the foregoing allegations as if fully rewritten herein.  As alleged above, the damage each Defendant caused to the Plaintiffs' personal property that was returned to Plaintiffs, including but not limited to the damage to some of the firearms that were returned to Plaintiffs, constitutes an illegal seizure of the Plaintiffs' property and constitutes violations of the Plaintiffs' rights guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution; and 42 U.S.C. 1983 et seq.

## THIRD CLAIM

**(Plaintiff Robert Six's Section 1983 claims for illegal seizure of his person)**

178.    Plaintiffs incorporate all of the foregoing allegations as if fully rewritten herein.  As alleged above, the Defendants' unreasonable seizure and detention of Plaintiff Robert Six in a closed vehicle on a hot day during the lengthy search constitutes violations of the Plaintiffs' rights guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution; and 42 U.S.C. 1983 et seq.

## FOURTH CLAIM

**(Plaintiff Robert Six's Section 1983 claims for malicious prosecution against Defendants Woods and Shields)**

179.    As alleged above Defendants' malicious prosecution of the Plaintiff on charges relating to the deer and antler parts constitutes violations of Mr. Six's rights guaranteed by the

Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; and 42 U.S.C. 1983 et seq.

## FIFTH CLAIM

### (Plaintiffs' Section 1983 claims for civil conspiracy)

180.   Plaintiffs incorporate all of the foregoing allegations as if fully rewritten herein. As alleged above, the conspiracy between all of the Defendants to deprive the Plaintiffs of their rights under the United States Constitution by illegally seizing and holding their property, and the person of Mr. Six, and maliciously prosecuting Mr. Six, constitutes a violation of the Plaintiffs' rights guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution; and 42 U.S.C. 1983 et seq.

WHEREFORE, each Plaintiff demands judgment on Counts One, Two, Three, and Five against all of the Defendants jointly and severally as follows:

    a)     An amount exceeding $25,000.00 each in compensatory damages.

    b)     Punitive damages in excess of $25,000.00 on each count.

    c)     reasonable attorney fees and costs.

WHEREFORE, each Plaintiff demands judgment on Count Four against Defendants Woods and Shields jointly and severally as follows:

    a)     An amount exceeding $25,000.00 each in compensatory damages.

    b)     Punitive damages in excess of $25,000.00 on each count.

    c)     reasonable attorney fees and costs.

                        Respectfully submitted,

/s/ Sky Pettey
_____
Sky Pettey - 0072041
Trial attorney for Plaintiffs

Lavelle and Associates
449 East State Street
Athens, OH 45701
sky@johnplavelle.com
(740) 593-3348 - telephone
(740) 594-3343 - facsimile

## **JURY DEMAND**

Plaintiffs request that a jury be impaneled to hear this issues raised in this cause.

/s/ Sky Pettey
_____
Sky Pettey - 0072041
Trial attorney for Plaintiffs

Lavelle and Associates
449 East State Street
Athens, OH 45701
sky@johnplavelle.com
(740) 593-3348 - telephone
(740) 594-3343 - facsimile