# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Robert B Six | : | 2:11-cv-00698 |
| et al., | | |
|     Plaintiffs. | : | **JUDGE JAMES L. GRAHAM** |
| v. | | **MAGISTRATE JUDGE MARK A. ABEL** |
| Robert Beegle | : | **ANSWER OF DEFENDANT JOSH SHIELDS WITH JURY DEMAND** |
| et al., | : | |
|     **Defendants** | | |

Now Comes Defendants, Josh Shields and Keith Wood, by and through counsel, and hereby Answers as follows;

1. Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2. Defendants cannot admit or deny the allegations contained in Paragraphs 2, 3, 4, 5, 6, and 7 of the complaint for want of knowledge or information.

3. Defendants admit the statement in Paragraph 8 of the Complaint, that Defendants Keith Wood and Josh Shields were, at all relevant times, law enforcement officers of the Ohio Department of Natural Resources, but that on or about July, 2010, officer Wood retired from ODNR. Defendant denies any other allegation contained in Paragraph 8.

1

4. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

5. Defendants admit that the scene of the search was located in Meigs County, Ohio, Defendants deny all other allegations contained in Paragraph 10 of the Complaint.

6. Defendants admit the allegations contained in Paragraphs 11 and 12.

7. Defendants cannot admit or deny the allegations for want of knowledge or information contained in Paragraph 13 of the Complaint.

8. Defendants cannot admit or deny the allegations contained in Paragraphs 14- 54, of the Complaint for want of knowledge or information.

9. Defendants deny the allegations contained in Paragraphs 55-58, of the Complaint.

10. Defendants cannot admit or deny the allegations contained in Paragraphs 59 and 60 for want of knowledge or information.

11. Defendants Shields and Wood admit that Plaintiff Robert Six was detained in a police vehicle while they conducted a search of the residence. As to the other Defendants, Defendants Shields and Wood cannot admit or deny the remaining allegations contained in Paragraph 61 of the Complaint for want of knowledge or information.

12. Defendants cannot admit or deny the allegations contained in Paragraph 62 of the Complaint for want of knowledge or information.

13. Defendants admit that a large number of items of personal property were seized except that Defendants cannot admit or deny for want of knowledge or information

whether or which firearms belonged to Mr. or Mrs. Six. Further, Defendants deny all other allegations contained in Paragraph 63 of the Complaint.

14. Defendant cannot admit or deny the allegations contained in Paragraphs 64-87 of the Complaint for want of knowledge or information.

15. Defendants admit that Plaintiffs attached an inventory list as Exhibit B to their Amended Complaint and further state that Plaintiffs' Exhibit B speaks for itself. Defendants cannot admit or deny the remaining allegations contained in Paragraph 88 of the Complaint for want of knowledge or information.

16. Defendants cannot admit or deny the allegations contained in Paragraphs 89 and 90 of the Complaint for want of knowledge or information.

17. Defendants state that Plaintiffs' Exhibit A speaks for itself. Defendants cannot admit or deny the remaining allegations in Paragraph 91 of the Complaint for want of knowledge or information.

18. Defendants cannot admit or deny the allegations contained in Paragraphs 92-122 of the Complaint for want of knowledge or information.

19. Defendants admit that Defendant Keith Wood seized personal property from Plaintiffs' residence but deny that Defendant failed to record or document any property that was seized. Defendants deny all remaining allegations contained in Paragraph 123 of the Complaint.

20. Defendants deny the allegations contained in Paragraphs 124 and 125 of the Complaint.

21. Defendants admit that the deer antlers and turkey feather fan that were seized during the August 5, 2009 search of Plaintiffs' residence were disposed of pursuant to a Meigs County Municipal Court Order issued July 7, 2011. Defendants deny all remaining allegations contained in Paragraph 126 of the Complaint.

22. Defendants admit that Defendant Josh Shields seized personal property from Plaintiffs' residence but deny that Defendant failed to record or document any property that was seized. Defendants deny all remaining allegations contained in Paragraph 127 of the Complaint.

23. Defendants deny the allegations contained in Paragraphs 128 and 129 of the Complaint.

24. Defendants admit that the deer antlers and turkey feather fan that were seized during the August 5, 2009 search of Plaintiffs' residence were disposed of pursuant to a Meigs County Municipal Court Order issued July 7, 2011. Defendants deny all remaining allegations contained in Paragraph 130 of the Complaint.

25. Defendants cannot admit or deny the allegations contained in Paragraphs 131 and 132 of the Complaint for want of knowledge or information.

26. Defendants admit the allegations contained in Paragraph 133 of the Complaint.

27. Defendants cannot admit or deny the allegations contained in Paragraph 134 of the Complaint for want of knowledge or information.

28. Defendants state that Plaintiffs' Exhibits A and B speak for themselves. Defendants cannot admit or deny the remaining allegations contained in Paragraph 135 of the Complaint for want of knowledge or information.

29. Defendants admit that some animal parts located in the property were properly tagged. Defendants also located deer antlers and a turkey feather fan in the property that were not tagged, and therefore deny that <u>all</u> of the deer antlers and wild turkey feathers found in Plaintiffs' home were properly tagged, and Defendants deny any other allegations contained in Paragraph 136 of the Complaint.

30. Defendants admit they helped photograph deer antlers and turkey feathers with evidence tags affixed to them. Defendants deny the animal parts were photographed with an attached valid ODNR tag, seal, certificate for legal ownership, statement or receipt, and deny any other allegation contained in Paragraph 137 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 138 of the Complaint.

32. Defendants admit presenting the charges for illegal possession of untagged deer and turkey parts to the Prosecutor and cooperating in prosecution of same, Defendants deny any other allegations contained in Paragraph 139 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 140 of the Complaint.

34. Defendants admit presenting the charges for illegal possession of untagged deer and turkey parts to the Prosecutor and cooperating in prosecution of same, Defendants deny any other allegations contained in Paragraph 141 of the Complaint.

35. Defendants admit that the criminal charges brought in Meigs County Municipal Court for illegal possession of untagged deer and turkey parts were dismissed. Defendants deny all remaining allegations contained in Paragraph 142 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 143 of the Complaint.

37. Defendants admit the allegations contained in Paragraph 144 of the Complaint.

38. Defendants cannot admit or deny the allegations contained in Paragraph 145 of the Complaint for want of the knowledge or information.

39. Defendants deny the allegations contained in Paragraph 146 of the Complaint.

40. Defendants state that the Court's Order speaks for itself. Defendants cannot admit or deny the remaining allegations contained in Paragraph 147 of the Complaint for want of knowledge or information.

41. Defendants admit the Meigs County Common Pleas Court issued a judgment entry on or about March 4, 2011 and that the entry is attached to Plaintiffs' Amended Complaint as Exhibit C. Defendants state that the Court's entry speaks for itself and must be read in its entirety. Defendants deny all remaining allegations contained in Paragraph 148 of the Complaint.

42. Defendants cannot admit or deny the allegations contained in Paragraph 149 of the Complaint for want of knowledge or information.

43. Defendant admits the Meigs County Common Pleas Court issued a judgment entry on or about April 8, 2011 and that the entry is attached to Plaintiffs' Amended Complaint as Exhibit D. Defendants state that the Court's Order speaks for itself and must be read in its entirety. Defendants deny all remaining allegations contained in Paragraph 150 of the Complaint.

44. Defendants state that the Court's Order speaks for itself and must be read in its entirety. Defendants deny all remaining allegations contained in Paragraph 151 of the Complaint.

45. Defendants admit that the deer antlers and turkey feather fan that were seized during the August 5, 2009 search of Plaintiffs' residence were disposed of pursuant to a Meigs County Municipal Court Order issued July 7, 2011. Defendants cannot admit or deny the remaining allegations contained in Paragraph 152 of the Complaint for want of knowledge or information.

46. Defendants admit that the deer antlers and turkey feather fan that were seized during the August 5, 2009 search of Plaintiffs' residence were disposed of pursuant to a Meigs County Municipal Court Order issued July 7, 2011. Defendants cannot admit or deny the remaining allegations contained in Paragraph 153 of the Complaint for want of knowledge or information.

47. Defendants cannot admit or deny the allegations contained in Paragraphs 154- 157 of the Complaint for want of knowledge or information.

48. Defendants state that Plaintiffs' Exhibits E and F speak for themselves. Further, Defendants cannot admit or deny the remaining allegations contained in Paragraph 158 of the Complaint for want of knowledge or information.

49. Defendants Josh Shields and Keith Wood deny the allegations contained in Paragraphs 159-166 of the Complaint as they pertain to them. As to the remaining Defendants, Defendants Shields and Wood cannot admit or deny the allegations contained in Paragraphs 159-166 of the Complaint for want of knowledge or information.

50. Defendants cannot admit or deny the allegations contained in Paragraph 167 of the Complaint for want of knowledge or information.

51. Defendants Josh Shields and Keith Wood deny the allegations contained in Paragraph 168 of the Complaint as they pertain to them. As to the remaining Defendants, Defendants Shields and Wood cannot admit or deny the allegations contained in Paragraph 168 of the Complaint for want of knowledge or information.

52. Defendants Shields and Wood deny that they coordinated any of their actions of August 5, 2009 with any other Defendants beforehand. As to the actions of the remaining Defendants, Defendants Shields and Wood cannot admit or deny the remaining allegations contained in Paragraph 169 of the Complaint for want of knowledge or information.

53. Defendants Shields and Wood deny that they were part of any discussion with the other Defendants prior to the search and seizure on August 5, 2009. As to the actions of the other Defendants, Defendants Shields and Wood cannot admit or deny the remaining allegations contained in Paragraph 170 of the Complaint for want of knowledge or information.

54. Defendants deny the allegations contained in Paragraphs 171-174 of the Complaint.

55. Defendants admit that the search and seizure conducted at Plaintiffs' residence on or around August 5, 2009 was done under color of state law. Defendants deny all remaining allegations contained in Paragraph 175 of the Complaint.

## FIRST CLAIM

56. Defendants incorporate all of the foregoing answers as if fully rewritten herein. Defendants deny the allegations contained in Paragraph 176 of the Complaint.

## SECOND CLAIM

57. Defendants incorporate all of the foregoing answers as if fully rewritten herein. Defendants deny the allegations contained in Paragraph 177 of the Complaint.

## THIRD CLAIM

58. Defendants incorporate all of the foregoing answers as if fully rewritten herein. Defendants deny the allegations contained in Paragraph 178 of the Complaint.

## FOURTH CLAIM

59. Defendants incorporate all of the foregoing answers as if fully rewritten herein. Defendants deny the allegations contained in Paragraph 179 of the Complaint.

**FIFTH CLAIM**

60. Defendants incorporate all of the foregoing answers as if fully rewritten herein. Defendants deny the allegations contained in Paragraph 180 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

61. Plaintiffs fail to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

62. The Court lacks subject matter jurisdiction on some or all the claims to the extent they seek payment for property damages claims within the jurisdiction of the Ohio Court of Claims.

**THIRD AFFIRMATIVE DEFENSE**

63. Some or all the claims are barred by the statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

64. Defendant's alleged actions or inactions are subject to qualified or statutory immunity.

**FIFTH AFFIRMATIVE DEFENSE**

65. Some or all the claims are barred by the doctrines of waiver or estoppel

## SIXTH AFFIRMATIVE DEFENSE

66. Plaintiffs' claims are barred to the extent they seek money damages against state employees for common law claims, as only the Ohio Court of Claims had proper jurisdiction over such claims.

## JURY DEMAND

67. Defendant demands a trial by jury on all issues triable of right to a jury.

**WHEREFORE**, Defendant requests that this matter be dismissed and costs assessed to Plaintiffs

Respectfully submitted,

MICHAEL DeWINE
Ohio Attorney General


/s/Tara L. Paciorek_____
Daniel J. Martin (0065249)(trial counsel)
Tara Paciorek (0082871)
Assistant Attorneys General
Environmental Enforcement Section/ODNR
2045 Morse Rd., #D-2
Columbus, OH 43229
Phone: (614) 265-6870
Fax: (614) 268-8871
Daniel.martin@ohioattorneygeneral.gov
tara.paciorek@ohioattorneygeneral.gov
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that that foregoing Answer was served upon counsel of record by operation of the Court's CM/ECF system this 21ST day of September, 2012

        s/ Tara L. Paciorek
        Assistant Attorney General
        *Counsel for Defendants Josh Shields and Keith Wood*